of Caroline and her son, Jonas, for more than twenty years. On appeal by Swink, this court found it unnecessary to pass upon Swink's proof of title, *holding*—

1. A party cannot recover land from persons in possession, who went in under others who had perfected their right to hold by adverse possession.

2. Where a party takes possession of land under a mere parol gift, and thenceforward claims it adversely, he acquires title thereto after the expiration of ten years.

3. Parties in possession of land are not required to show any title in themselves, where it does not appear that the title is in the claimant.

4. Where parties hold title under another, they cannot deny that such person once had title, but they can dispute any present title in him. Judgment affirmed. OPINION by MR. JUSTICE McIVER, March 1, 1887. *J. S. R. Thomson,* for appellant. *Duncan & Sanders,* contra.

No. 2008. VERNER *v.* DAVIS. November Term, 1886. Defendant Davis made an assignment for the benefit of his creditors. Subsequently, upon the application of a creditor in supplementary proceedings, the plaintiff was appointed receiver, and as such brought this action to have the assignment vacated, upon the grounds that there was a preference, in that the assignment provided for a fee to be first paid the counsel who prepared the instrument; that the assignor had concealed a portion of his estate, pretending that it was his wife's property; and that the assignment was pretensive, illegal, and void. Davis, his wife, the assignee, and the agent for creditors, defendants, demurred orally upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The Circuit Judge (Kershaw) refused the demurrer, holding that the counsel fee was not an illegal preference, and that the concealment of property was no ground for vacating the assignment, but that the other charges of the complaint made a cause of action. On appeal these rulings were sustained. Judgment affirmed. OPINION by MR. JUSTICE McGOWAN, March 11, 1887. *W. L. Wait,* for appellant. *Perry & Heyward,* contra.