## 10273
### SPARKS v. McCRAW.
#### (100 S. E. 161.)

1. APPEAL AND ERROR—FACTS REVIEWABLE IN SUIT BY BANKRUPTCY TRUSTEE TO ESTABLISH TRUST.—In an action by trustee in bankruptcy against bankrupt's former president and general manager to have property purchased with bankrupt's funds impressed with a trust in favor of the creditors of the bankrupt, Court, on appeal, will review the facts, the action being in equity, and not an action at law.

2. APPEAL AND ERROR—BURDEN OF PROOF ON APPELLANT TO SHOW INSUFFICIENCY OF EVIDENCE.—In equity cases the burden is upon appellant to show that the preponderance of the evidence is against the findings or any particular finding complained of.

3. APPEAL AND ERROR—INSUFFICIENCY OF EVIDENCE TO ESTABLISH IMMATERIAL FINDING NOT REVERSIBLE ERROR.—In an action by trustee in bankruptcy for bankrupt corporation against former president and general manager of corporation to impress a trust upon certain property purchased with corporation's funds, in favor of the creditors of a corporation, insufficiency of evidence to sustain finding that former president declared in a statement that, if he ever went into bankruptcy, his creditors would get nothing, is immaterial, such finding not affecting the result.

4. TRUSTS—WHEN PROPERLY PURCHASED BY PRESIDENT IN TRUST FOR CREDITORS.—Where president and general manager of corporation purchased property in own name with corporation's funds, property will be impressed with a trust in favor of creditors of the corporation.

5. TRUSTS—SUFFICIENCY OF EVIDENCE TO IMPRESS TRUST ON PROPERTY BOUGHT WITH CORPORATION'S FUNDS.—In action to impress trust upon property purchased by former president and general manager of bankrupt corporation with corporation's funds, in favor of creditors of corporation, it was unnecessary, in finding that the former president had purchased property with funds of corporation, to specify amount for which he was to account, since, having appropriated corporation's funds, it was his duty to specify.

520       Sparks v. McCraw.

Findings of Facts and Conclusion of Circuit Court.      [112 S. C.

Before Mauldin, J., Gaffney, —— term, ——. Affirmed.

Action by J. R. Sparks, as trustee for Bonner McCraw Company, bankrupt, against A. B. McCraw. Judgment for plaintiff, and defendant appeals.

Following are the findings of fact and conclusions of Court referred to in opinion:

This is an action by J. R. Sparks, as trustee of the Bonner McCraw Co., bankrupt, against the defendant, A. Bonner McCraw, to recover from him certain real estate described in the complaint and to require him to turn over the same or the proceeds thereof, and all monies, notes, mortgages and other evidences of the amount of money or property of the bankrupt in the possession of or under the control of the defendant.

The contention of the plaintiff, briefly stated, is that the defendant, as the president and general manager of the Bonner McCraw Co., bankrupt, a corporation, used and converted the money and property of the corporation for the purpose of acquiring property in his own name and, at the expense of the corporation and its creditors, to promote his individual interests.

The defendant, by his answer, denies generally all allegations of the complaint material to plaintiff's cause of action, and further avers that the corporation was indebted to him in the sum of $1,300 or more, and that if the Court should find anything to be due him to the corporation, the sum above stated should be set off against the same.

All issues were referred by this Court to G. W. Speer, Esq., as special referee, to take the testimony and report his findings of fact and conclusions of law to this Court, with leave to report any special matter. Several references were held, at which a great volume of testimony, oral and docu-

mentary, was submitted, including evidence taken before the referee in bankruptcy, so far as the same should be relevant to the issues made in this case.

On October 12, 1917, the referee filed his report, in which he found from the evidence that the allegations of the plaintiff's complaint are sustained, and recommended that the title to the property sought to be recovered be adjudged to be in the trustee, the plaintiff, with such other recommendations as are designed to carry into effect the decree of the Court.

To this report the defendant filed exceptions, and the cause came on to be heard by me as presiding Judge of the Court of Common Pleas for Cherokee county, during the Spring term of the Court. The cause was submitted to me then, and arguments made by counsel for the plaintiff and defendant. The cause was marked "Heard" by me and taken under advisement until such time as I might give the matter careful consideration.

The evidence in the cause is abundant to support the findings and conclusions of the referee.

The defendant was the president and manager of the bankrupt corporation, he and his wife were the sole stockholders. They had no other property when the business was organized, and all the property acquired by the defendant individually has been acquired through the use of the corporate property. As early as 1912, the first year of the business, the defendant used $1,000 of the corporate funds, with which he purchased the house and lot now occupied by his family, and paid the remaining $1,000 of the purchase money by giving a mortgage on the premises to a local building and loan association. This debt to the B. & L. was repaid by checks of the corporation, down to whatever amount may remain due. No meeting of the stockholders was ever held, and no attempt was made to declare a dividend out of the profits of the business, if there were any, but

the money was used as if it were the private property of the defendant, and no means were adopted to separate the funds from the corporate ownership.

Later on, the defendant, by use of the corporate funds, commenced to acquire in his own name other real estate, described in the complaint, and made improvements thereon out of the funds of the corporation in the nature of dwellings thereon, while part of the funds so used were withdrawn directly from the corporation by checks in many instances, in others the indebtedness of the defendant individually to the contractors and material men were discharged by crediting their accounts on the books of the corporation with the amounts due them by the defendant personally. The defendant claims that he has paid back into the corporation more money than he withdrew, but this claim is not found to be true by the referee, but from the very nature of the defendant's course of dealing with the corporate funds and property the funds redeposited by him belonged to the corporation and could not be regarded as the discharge of any personal obligations of the defendant. He could not pay his own debt to the corporation with money belonging to the corporation. However, the results do not lend support to the contention of defendant.

In 1915 and 1916, while he was acquiring this property, the creditors began to suffer, as shown by the list of claims filed against the bankrupt corporation. When the petition in bankruptcy was filed on May 25, 1917, the corporation admittedly owed some $10,000 or $12,000, with assets as scheduled amounting to $7,400, which included notes and open accounts to the amount of $2,900, leaving $4,500 as stock in trade and merchandise. The amount of claims actually filed with the referee in bankruptcy exceeded the amount scheduled by a considerable sum and the actual value of the assets much less.

The defendant, as manager of the corporation, was not able to account for the loss to creditors, nor was he able to

give a satisfactory account of the conduct of the business or of its assets. In a statement made by the defendant to one of the creditors on February 23, 1917, he represented that the corporation was solvent, with net assets amounting to $6,950, which, as shown by the evidence, was absolutely untrue, as the business was then insolvent. His conduct in converting property of the Gaffney Live Stock Co., a creditor, shows the utter disregard had by the defendant for the rights of creditors of the corporation. Testimony was introduced to show that the defendant admitted to creditors that he was using the corporation's money to build houses on lots purchased by him in his own name, and that when he sold these lots he would pay the creditors their accounts. This is testimony also to show that the defendant, in a statement made to or in the presence of one Allison, declared that if he ever went into bankruptcy his creditors would get nothing.

In a statement made by the defendant, as manager and president of the bankrupt corporation, to the Federal income tax officials for 1916, he represented that the business had on hand, January 1, 1916, stock of the value of $6,784, to which he added purchases during the year to the amount of $17,510; that he sold during the year goods to the amount of $18,190, and had left a stock of goods of the value of $6,304, and that his total indebtedness was the sum of $2,065. This, as proven by subsequent investigation before the referee, was untrue.

No rational account is given of the proceeds of the $18,190 realized from the sale of goods. The net results of the business is an unexplained loss to creditors of some $10,000, while the defendant has acquired property in his own name to the extent of several thousand dollars, which plaintiff seeks to recover.

It was the duty of the defendant, as manager and president of the bankrupt corporation, to show that he exercised the utmost good faith in his transactions and dealings with

524                     SPARKS v. McCRAW.

Findings of Facts and Conclusion of Circuit Court.          [112 S. C.

corporate funds and property, and especially is this rule applicable when it is shown that the manager has acquired property to his own advantage, while the corporation and its creditors have suffered loss. This the defendant has failed to do.

The facts and circumstances related above, along with other evidence in the case, leads to the same conclusion as arrived at by the referee.

It was contended in argument that the loss shown in assets and the volume of debts ascertained was largely due to the liberality of the defendant in extending credit to his friends. The schedule as filed by the defendant for the bankrupt does not sustain this contention. The open accounts, as scheduled by the defendant, amounts to only $2,800, which is a relatively small credit business from sales of $18,190 during the year, and falls far short of explaining the deficiency of some $10,000 over and above the total amount of assets. It is also shown by the testimony that the defendant has used the rents from portions of the property described in the complaint for the personal use of himself and family; that he has traded one or more of these lots to other parties, who have no deeds, but who have made payments from time to time thereon, and the defendant admitted that he had no account of such statements, and that if the purchasers could not produce receipts showing payments made by them, they would have to pay again.

It is clear from the evidence as a whole that the defendant has used the corporation, its funds and property, as a means to gain an advantage to himself personally.

It is, therefore, adjudged and decreed, that the report of the referee herein be, and the same is hereby, affirmed and made a part of the judgment and decree of the Court, and the exceptions thereto be overruled.

Further decreed, that the defendant turn over and deliver to the plaintiff herein, as trustee, all deeds and conveyances

to the property described herein in his possession or under his control, and all mortgages held by him for the purchase money, or any part thereof, and all other evidences of indebtedness held or controlled by him or affecting the property involved, the title to which is here adjudged to be in the plaintiff, as trustee. That the trustee take charge of the said property and sell the same where not affected by the rights of purchasers, or any equity of the defendant therein; that the defendant be, and he is hereby, enjoined perpetually from collecting any money or monies as rent or purchase money from any of the property herein or purchasers thereof; that he do account to the plaintiff for all such sums of money heretofore received by him as rent or purchase money.

Further decreed, that the plaintiff, as trustee herein, shall take such steps to secure the property herein or its proceeds as he may be advised, protecting fully the rights of all persons who may have acquired any of the property as innocent purchasers or who, as creditors without notice, may hold valid liens thereon.

Further decreed, that any sale or sales made hereunder by the trustee shall be for cash, after three weeks' notice published in one or more of the newspapers published in Gaffney, and that he make to the purchasers thereof deeds of conveyance thereto.

Further decreed, that the plaintiff may apply at the foot of this decree for such other or further relief as he may be advised to carry into effect the terms of this decree and its purposes.

*Messrs. Cornelius Otts* and *C. Y. Brown*, for appellant, cite: *As to Bonner McCraw Company being a valid corporation and McCraw not being liable for its debts: Solaman v. Solaman Co.* (1897), A. C. 22; Machen, Modern Law of Corporations, par. 1086; 74 Fed. 849; 70 S. W. (Texas) 597; 141 Mass. 590; 6 N. E. 837. *As to the strength of the*

*evidence necessary to establish a resulting trust by parol proof:* Pomeroy, vol. II, sec. 1040; 2 S. C. 595; 93 S. C. 450; 52 S. C. 388, 391; 78 S. C. 490, 496. *As to part of defendant's claim for salary being a preferred claim:* Chap. VII, sec. 64; U. S. Bankruptcy Law. *As to the presumption where dividend has been declared:* Machen, Modern Law of Corporations, sec. 1344; 103 N. W. 796; 107 Ala. 572; 18 So. 137. *As to creditors following funds diverted before they became creditors:* 102 U. S. L. Ed. 106; Ohio (1913), 203 Fed. 225.

*Messrs. Butler & Hall,* for respondent, submit: *There was a distinct issue of title to real estate, and a trial by jury was demandable as a matter of right:* Code of Civil Procedure, sec. 312. *The right to trial by jury was waived by consenting to order of reference: Ibid. The determination of the issue rests upon the facts found by the referee and the Circuit Judge. This Court has no power to review the facts:* 25 S. C. 72; 76 S. C. 167; 39 S. C. 390; 88 S. C. 180; 77 S. C. 414; 90 S. C. 186; 91 S. C. 129; 95 S. C. 245; 90 S. C. 278; 100 S. C. 144; 100 S. C. 443. *Even in equity cases, this Court must be satisfied that the preponderance of the evidence is against the concurrent findings of fact by referee and Circuit Judge before it will reverse such findings:* 96 S. C. 106; 96 S. C. 148; 100 S. C. 59; 100 S. C. 157.

August 26, 1919.

The opinion of the Court was delivered by Mr. Justice Hydrick.

This action was brought by the trustee in bankruptcy of Bonner McCraw Company against A. Bonner McCraw, the former president and treasurer of the corporation and general manager of its business, to have certain property, which he purchased with funds of the corporation and took titles thereto in his own name, impressed with a trust in favor of the creditors of the insolvent corporation.

It is not an action at law to recover the property so purchased, but an action in equity to subject it to a trust, and, therefore, we do not agree with respondent's contention that the facts are not reviewable.

In equity cases the burden is upon appellant to show that the preponderance of the evidence is against the findings, or any particular finding, complained of. In this case appellant has not convinced us of error of any finding complained of except one. In stating the evidence and its tendencies, the Court said: "There is testimony also to show that the defendant, in a statement made to or in the presence of one Allison, declared that, if he ever went into bankruptcy, his creditors would get nothing."

There is no testimony in the record before us to sustain that finding, but it is wholly immaterial; for, even if defendant made no such statement, it would not affect the result.

But it appears that there was a great deal of testimony before the Circuit Court, which it was deemed unnecessary to set out in the record for appeal and it is possible that there was, in the record before that Court, testimony to support that finding.

The evidence abundantly sustains all the material findings of the Court, and the conclusions therefrom are correct. *Palmetto Lumber Co. v. Risley,* 25 S. C. 309.

Appellant complains that, having found that he had used the funds of the corporation to buy property, the titles to which he took in his own name, the amount for which he was to account should have been specified. This shows a misconception of the action. Defendant was a trustee, and as such he was called upon to account for the assets of the corporation, which he had appropriated to his individual use. It was, therefore, his duty to specify. If he kept the books and transacted the business of the cor-

poration in such a way that it was impossible for him to show exactly how much of the funds of the corporation went into the property sought to be impressed with a trust, it is his own fault. But the evidence shows that when he went into business he had comparatively nothing, and that his private estate increased commensurately with the debts of the corporation. We find no error of substance in the decree.

Judgment affirmed.