14920

KIRK v. WATSON, COUNTY TREASURER

(4 S. E. (2d), 17)

December, 1938.

*Messrs. Samuel Want, Sam Rogol* and *James Vernor,* for appellant.

*Messrs. George K. Laney, J. E. Leppard* and *C. L. Hunley,* for respondent.

July 18, 1939.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

Suing on behalf of himself as the holder of certain bonds issued by Chesterfield County, and on behalf of all other owners of the same issue of bonds who may come into the cause and contribute to the prosecution of the action, the appellant attacks as local legislation the validity and constitutionality of Section 13 of an Act of the General Assembly approved May 9, 1938 (Acts 1938, No. 1075, 40 St. at Large, pages 2285, 2286), under the terms of which (Sec-

tion 13) Chesterfield County is excepted from the general law of the State, and the county treasurer is therein directed to hold in his hands delinquent tax executions for the year 1937 until the first day of November, 1938, without any costs except the treasurer's fees.

The plaintiff in this case is the same as in *Henry B. Kirk v. F. S. Douglass,* as sheriff of Chesterfield County, 3 S. E. (2d), 536, the opinion in which case was filed by this Court on June 16, 1939. The plaintiff likewise brought an action entitled *Henry B. Kirk v. Will Clark, T. L. Ingram, and J. Walter Roscoe, as the County Board of Commissioners of Chesterfield County, and M. S. Watson, as treasurer of Chesterfield County,* 4 S. E. (2d), 13, which was appealed to this Court, the opinion in which will be filed along with that in the case at bar. All three of the cases mentioned were brought by the plaintiff as the holder of certain bonds issued by Chesterfield County, known as refunding bonds, the total amount of the issue being $520,000.00. The three suits were instituted for the purpose of obtaining relief against certain alleged local legislation, which he alleges to be unconstitutional, and against certain alleged financial practices obtaining in the county, which he charges to be unlawful, and as the result of which his contract has been impaired, and the value and collectibility of his bonds seriously affected.

In the instant case he challenges the validity of the Act of 1938 above referred to upon the ground that it is void under the provisions of Article III, Section 34, Subdivision 9, of the Constitution of this State. He further charges that the enforcement of the Act has impaired his contractual rights with the county as represented by his bonds, to his injury and damage.

It is also alleged that the plaintiff has no adequate remedy at law; and general relief is prayed for.

The appeal is from an order sustaining a demurrer to the complaint.

The allegations of the comp'aint are very full and elaborate, and are quite similiar to the allegations of the complaints in the two cases already passed upon, and hereinabove referred to. To restate here the material allegations of the complaint in this case would be largely repetitious. It is sufficient to say that the issues raised by the appeal are controlled by the decision in the case of *Henry B. Kirk v. F. S. Douglass, as sheriff of Chesterfield County, supra.* In our opinion the plaintiff has a sufficient interest, as shown by his allegations, to bring the suit. And our conclusion is that the complaint alleges a good cause of action.

It follows from what we said in *Kirk v. Douglass, supra,* that the judgment of the Circuit Court must be reversed and the demurrer overruled. The case is remanded, and the defendant is granted twenty days within which to answer, after the filing of the remittitur.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES BONHAM and BAKER and MR. ACTING ASSOCIATE JUSTICE PHILIP H. STOLL concur.

MR. JUSTICE CARTER did not participate on account of illness.