14919

KIRK v. CLARK *ET AL.*

(4 S. E. (2d), 13)

December, 1938.

*Messrs. Samuel Want, Sam Rogol* and *James Verner,* for appellant,

*Messrs. George K. Laney, J. E. Leppard* and *C. L. Hunley,* for respondents.

July 18, 1939.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

Appellant, the holder of certain refunding bonds of the County of Chesterfield, suing on behalf of himself and other bondholders of the same issue of bonds, brought this suit in equity against the County Board of Commissioners and the treasurer of Chesterfield County, seeking the injunctive aid of the Court to restrain the respondents from misapplying and diverting tax funds levied and collected for the

payment of the interest on his bonds; and to require that such funds be devoted to the purpose for which they were collected. The Court below in a formal order sustained a demurrer to the complaint. This appeal challenges the correctness of that order.

The crucial question in this case is whether a bondholder of a county whose bonds are not presently in default has the right to maintain a suit in equity to enjoin the unlawful diversion of public funds pledged to and collected for the payment of his bonds.

Respondents contend that the complaint does not state facts sufficient to constitute a cause of action, in that no facts · are alleged which would justify equitable relief. It is said that the complaint fails to show that appellant is threatened with any injury or damage because of the alleged unlawful practices of the respondents, and fails to show that any of appellant's rights have been invaded.

The duty devolves upon us to review the facts alleged in the complaint, and to determine therefrom: (a) Whether the plaintiff has a right to maintain the suit, and (b) whether the allegations are sufficient to constitute a cause of action in favor of appellant against the County Board of Commissioners and the county treasurer.

The essential facts of the case alleged in the complaint and admitted by the demurrer are as follows: Appellant is the owner and holder of $6,000.00 of an issue of Chesterfield County bonds dated April 1, 1936, known as refunding bonds. The total amount of this issue of bonds is $520,000-.00. The bonds carry an interest rate of 5%; the coupons are payable October 1st and April 1st of each year, and the principal of appellant's bonds is due in 1945 and in 1946. The interest due on this issue of bonds, including those of the appellant, on April 1, 1938, was not paid on the due date because of lack of funds, but the default was subsequently corrected by a delayed payment, without any compensation being made for such delay. It is alleged that this default was

due to the unlawful financial practices of the respondents, more particularly referred to hereafter, and that by reason of the threatened continuance of such unlawful practices the interest to become due October 1, 1938, will not be in the hands of the county.

The bonds are generally obligations of Chesterfield County, and to their payment the faith and credit and the full taxing power of the county are pledged. It was specifically represented and covenanted by the county that sufficient taxes would be levied each year to pay the interest on the bonds as it matured; and the purchasers of the bonds relied upon compliance by the county officials with the provisions of the law of the State respecting the levy, assessment and collection of taxes, and the disbursement of the proceeds of tax collections.

The supply bills of the County of Chesterfield for the years 1937 and 1938 made specific appropritations, funds for which would be derived from delinquent tax collections, to be applied on the payment of the principal and interest of the bonds in question; and also required the levying of a certain number of mills therefor. It is alleged that the proceeds of the tax levies and other funds appropriated for such debt service are not kept separate and apart from other funds of the county; that the respondents, with the approval of the legislative delegation of the county, frequently incur other obligations for county purposes not authorized by the annual supply bill for the fiscal year during which such liabilities are contracted, and for which no provision is made in the tax levy; that the respondents pay these obligations without authority of law out of tax collections which should be applied to the payment of appellant's bonds; that by reason of these unlawful diversions, the annual tax levy, and the amount derived from delinquent tax collections for debt service of the bonds are rendered inadequate to meet the interest accruing thereon; that as the result of the constant diversion and misapplication of these funds, and by reason

of the unlawful financial practices of the respondents in that respect, the funds specifically appropriated for debt service are left depleted and insufficient, resulting in defaults on the bonds, and that such defaults will continue.

It is charged that the acts complained of are systematic, continuous and illegal, and the complaint quotes Section 7337 of the Code of 1932, which makes it a criminal offense for any member of any board to vote for the diversion of money raised by taxation for the payment of principal or interest on municipal bonds, for any other purpose until all of such obligations shall have been paid. It is likewise made a criminal offense in said section for any disbursing officer to pay out any of such money otherwise than to the payment of such obligations, until the obligations have been paid.

The complaint further alleges that the attention of the respondents has been called to this section of the Code and demand made upon them that the funds appropriated for the maintenance of the debt service on appellant's bonds be preserved for that exclusive use; that the respondents have consistently ignored the demand, and unless enjoined by the Court will continue to do so.

The prayer of the complaint is that the county treasurer of Chesterfield County be required to maintain a separate account representing the funds appropriated and the taxes collected for debt service in Chesterfield County; that the respondent, the County Board of Commissioners, be restrained and enjoined from issuing any claims against the funds maintained in said account, except for the purpose appropriated, and that the county treasurer be enjoined from disbursing any part of the funds so set apart for any other purpose than that of paying the principal and interest on the county's bonds, for which said funds were appropriated. The complaint also alleges the inadequacy of the legal remedy, and contains a prayer for general relief.

The respondents challenge the complaint upon the ground that the appellant lacks an adequate interest to maintain the suit.

Perhaps the most frequent ground of application for relief by injunction against municipal corporations is for the prevention of an illegal or an unauthorized diversion of public funds. The foundation of the relief which is invoked in cases of this nature rests in the doctrine of trusts, and while Courts of equity are averse to any interference with the proceedings of municipal officers while acting within the scope of their authority, and while they will not by injunction control the judgment or reverse the action of municipal bodies in matters resting within their own well-defined jurisdiction or discretion, they will yet relieve in behalf of citizens and taxpayers against official acts on the part of such bodies, when they move within authority or warrant of law and in excess of the corporate powers. High on Injunctions, Vol. 2, Sec. 1237.

The principle is firmly settled in this State that a taxpayer may maintain an action in equity, on behalf of himself and all other taxpayers, to restrain public officers from paying out public money for purposes unauthorized by law. *Sligh v. Bowers,* 62 S. C., 409, 40 S. E., 885; *Mauldin v. City Council of Greenville,* 33 S. C., 1, 11 S. E., 434, 8 L. R. A., 291; *McCullough v. Brown,* 41 S. C., 220, 19 S. E., 458, 23 L. R. A., 410, 1 Pom. Eq. Jur., 277, Sec. 260, 2 Dill. Mun. Corp., Sec. 736.

The general doctrine also prevails that the holder of bonds of a county or other municipal corporation, for the payment of which taxes are levied and collected, is entitled to an injunction against the unlawful diversion of such funds to other purposes when such misapplication results in impairment of contracts or other justiciable injury. And this is true whether the bonds are in default or not. The holder of such bonds has a direct and peculiar interest in the preservation and lawful administra-

tion of such a fund, and may maintain a suit, when his rights as a bondholder will be injuriously affected, for the purpose of enjoining the diversion or threatened diversion of public funds dedicated to the payment of his bonds. Administrative officials into whose custody and control the law intrusts the same with the authority to invest, preserve, or pay out, are without authority to make any diversion thereof, contrary to law. 2 High on Injunctions, Secs. 1309, 1561, 32 C. J., Sec. 426, 27Q, Sec. 383, 240; *City of Newport v. McLane,* 256 Ky., 803, 77 S. W. (2d), 27, 96 A. L. R., 655; *George et al. v. City of Asheville,* 4 Cir., 80 F. (2d), 50, 103 A. L. R., 568, 44 C. J., 1160, 1175; *City of Mobile v. Marx & Co.,* 5 Cir., 75 F. (2d), 569, 575; *Tyler County v. Town,* 5 Cir., 23 F. (2d), 371; *Puget Sound Power & Light Co. v. City of Seattle,* 9 Cir., 29 F. (2d), 254; *Fazende v. City of Houston,* C. C., 34 F., 95; *Hull v. Ames,* 26 Wash., 272, 66 P., 391, 90 Am. St. Rep., 743; *Southern R. Co. v. Cherokee County,* 195 N. C., 756, 143 S. E., 467. And see *Martin et al. v. Saye et al.,* 147 S. C., 433, 145 S. E., 186; *Kirk v. Douglass,* S. C., 3 S. E. (2d), 536.

As is pointed out by appellant, whether a wrong is irreparable, in the sense that equity may intervene, and whether there is an adequate remedy at law for a wrong, are questions that are not decided by narrow and artificial rules. The Courts proceed realistically if the threatened wrong involves actual damage; the mere uncertainty of fixing the measure of such damage to the injured party may itself be sufficient to justify the exercise of equitable jurisdiction; and if the available legal remedy in a given case reduces itself to a matter of words, rather than to a matter of efficacy, because of its impracticability, or because the threatened acts may continue during the progress of an action at law, or because successive actions at law would be necessary to protect the plaintiff's rights, equity will hold

that the existence of the legal remedy is not an obstacle to the exertion of the equitable power.

The appellant charges that the value of his bonds is ■ being depreciated, his security diminished, and his contract impaired by the improper diversion of the public funds and by the unlawful financial practices of the respondents, and in our opinion, under the facts alleged in the complaint, he has a right to maintain the suit at bar; and we hold that the complaint is good against the demurrer.

If it shall be proven when the case is heard upon the merits that the respondents are diverting or threatening to divert tax funds levied and collected for the payment of the interest on the appellant's bonds, and if it should further be shown that as a result of such acts he has suffered the injury complained of, he would be entitled to an injunction restraining the respondents from diverting such revenues from the purpose for which they were collected.

For the reasons assigned, the judgment of the Circuit Court is reversed and the demurrer is overruled. The case is remanded, and the defendants are granted twenty days within which to answer, after the filing of the remittitur.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES BONHAM and BAKER and MR. ACTING ASSOCIATE JUSTICE PHILIP H. STOLL concur.

MR. JUSTICE CARTER did not participate on account of illness.