14995

KIRK v. DOUGLASS, SHERIFF

(6 S. E. (2d), 757)

July, 1939.

Messrs. *George K. Laney, J. E. Leppard* and *C. L. Hunley,* for appellant,

Messrs. *Samuel Want, James S. Verner* and *Sam Rogol,* for respondent,

January 9, 1940.

*Per curiam.*

The sole question for decision in this case is: Was it an abuse of discretion for the Circuit Court to appoint a Special Referee to take the testimony of the respective parties and report the same to the Court, with leave to report any special matter, having regard to the fact that the office of Master exists in Chesterfield County.

Upon motion of the plaintiff the lower Court issued and order over the objection of the defendant, on July 26, 1939, appointing Henry I. Ellerbe, Esq., as Special Referee *pro hac vice,* and the appeal arises from this order.

This is one of three cases involving the propriety of the order referred to, and the decision made in the present cause will likewise control in the other two cases. These three cases have heretofore been before this Court on appeal from orders sustaining demurrers to the complaints. The orders were reversed and the demurrers overruled, and thereafter the defendants answered. *Kirk v. Douglass, Sheriff,* 190 S. C., 495, 3 S. E. (2d), 536; *Kirk v. Watson, Treasurer,*

191 S. C., 162, 4 S. E. (2d), 16; *Kirk v. Will Clark et al.,* 191 S. C., 205, 4 S. E. (2d), 13.

The object of the action in this case at bar is to obtain an adjudication that an Act of the General Assembly passed in 1938 is unconstitutional, it being alleged that this Act prevents the sheriff of Chesterfield County from collecting delinquent taxes during that year. The prayer of the complaint is for an order requiring the sheriff to enforce the payment of delinquent taxes in accordance with the provisions of the general law of the State. In the case of *Kirk v. Watson, Treasurer, supra,* the action was brought for the purpose of having declared unconstitutional a statute enacted in 1938 prohibiting the Treasurer of Chesterfield County from delivering delinquent tax executions for 1937 taxes to the sheriff until November 1, 1938. In this case also an order was sought requiring the delivery of the executions to the sheriff as provided in the general law.

In *Kirk v. Will Clark et al., supra,* the action was brought to obtain an injunction to prevent the alleged unlawful diversion of tax funds, the same consisting of the annual tax levy and the annual allotment out of delinquent tax collections appropriated for the payment of principal and interest on the bonds of the County of Chesterfield.

In each of the three cases the plaintiff alleges that serial bonds of Chesterfield County amounting to approximately $520,000.00, owned and held by him and by others, are in default as to interest payments, and that the obligation of the contract is seriously impaired. The issues which will have to be decided depend largely upon proof of the allegations of the several complaints respecting the financial status of the county and its alleged financial practices.

Section 3691, Code, 1932, provides how and when a Special Master may be appointed; it reads as follows: "In case of a vacancy in the office of master, or in case of the disability of the master from interest or any other reason, the court or a judge thereof may appoint a special master in any

case, who shall as to such case be clothed with all the powers of master."

This section authorizes the Court or a judge thereof, in the exercise of a sound discretion, to appoint a Special Master in any case when the Master is disqualified from interest or any other reason which might reasonably affect his impartiality, and in so doing such discretion will not be interfered with unless it be shown that there was an abuse of discretion. *Verner v. Davis*, 26 S. C., 609, 2 S. E., 114, 58 Am. St. Rep., 89.

The order appealed from refers the cause to a Special Referee only to take the testimony, with leave to report any special matter.

The reasons which influenced the lower Court in appointing a Special Referee, and refusing to appoint the Master for Chesterfield County, are these: " *  *  * that the action, in effect, is against Chesterfield County and an officer of the county; that the attorneys for the defendant are the senator and one of the members of the house of representatives for Chesterfield County; that the appointment of the master for Chesterfield County requires the concurrence of the legislative delegation; that the issues of fact between the plaintiff and defendant are sharp and irreconcilable, so that it would of necessity be embarrassing to the master to deal vigorously with questions that might arise as to the production of records and the taking of the testimony of county officers respecting the same."

It was further recited in the order: "All of these considerations are not legal grounds upon which plaintiff's motion may be sustained, but after hearing counsel state before me the issues involved, and the sharp denials on the part of the county of every material fact respecting the accounts and financial operations of Chesterfield County, and bearing in mind that the proof of plaintiff's case may involve important questions as to the respective rights of the plaintiff and the county in the matter of the production of records

and the disclosure of information, I am of opinion that it will be unfair to the master himself to burden him with the trial of the issues involved herein."

In the concluding paragraph of the order the Court held that in fairness to the litigants and to the Master himself a Special Referee should be appointed.

Investigation of the law discloses (Section 3678, 1932 Code) that the Master for Chesterfield County holds his office under the appointment of the Governor, by and with the advice and consent of the Senate. Therefore, the Court was in error in stating in the order that the appointment of the Master requires the concurrence of the entire legislative delegation from Chesterfield County. But we do not think this error weakens the force of the point which the Court sought to emphasize.

It goes without saying that a Referee must be a disinterested person, and that any interest or reason, the probable and actual tendency of which is to create a bias for or against a party to the cause, is sufficient to disqualify him. The disqualifying interest need not be of a pecuniary nature, but it must be of a character calculated to impair his impartiality and sway his judgment. The record contains no attack of any kind upon the high character of the Master of Chesterfield County, but the circumstances disclose a complex situation which strongly militates against complete freedom of judgment and of action on his part.

In the orderly administration of justice, the first and highest consideration is the right possessed by litigants to be heard before an impartial Court. While it is true that there is a difference between the position of a Judge who passes on the merits of a case, and the position of a Master, who merely takes the testimony, it cannot be overlooked that such a Master nevertheless may be confronted with problems involved in the examination of witnesses and in the requirements relative to the production of testimony that go most vitally to the merits of the case. The

three cases referred to are of considerable importance, and have aroused much public interest in Chesterfield County. Recognizing this situation, the Circuit Court, for the reasons assigned, exercised its discretion in the appointment of a Special Referee free from any official relationship to the parties, and, so far as the record shows, free from any other disqualification.

In view of all the circumstances, we think the lower Court did not abuse its discretion in appointing a Special Referee in this case.

Judgment affirmed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISH-BURNE concur.

MR. CHIEF JUSTICE STABLER did not participate in the opinion in this case.