**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

### THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

| | |
|---|---|
| Marie Assa'ad Faltas, M.D., M.P.H., | Respondent, |
| v. | |
| Dinah Steele, Steele Enterprises and/or AAA Investments, a business; Larry Roe; Sharon B. Koon; Eugene W. (Buddy) Koon, Jr.; Eugene W. (Trip) Koon, III; Evers-Koon and or EKG of South Carolina, a business; Jane Doe; and other unknown-named persons and entities who injured Plaintiff, | Defendants, |
| of whom Dinah Steele and Larry Mason are the, | Appellants. |

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2012-UP-377
Submitted June 1, 2012 – Filed June 20, 2012

_____

**VACATED AND REMANDED**

_____

J. Andrew Delaney and C. Edward Rawl, Jr., both of Columbia, for Appellants.

Orin Gail Briggs, of Lexington, for Respondent.


**PER CURIAM:** Dinah Steel and Larry Mason appeal the issuance of a preliminary injunction, arguing the trial court erred in issuing the preliminary injunction and in making findings of fact unsupported by the record. We vacate the trial court's order and remand[1] pursuant to Rule 220, SCACR and the following authorities:

1. As to whether the trial court erred in issuing the preliminary injunction: Compton v. S.C. Dep't of Corr., 392 S.C. 361, 366, 709 S.E.2d 639, 642 (2011) ("Whether to grant a preliminary injunction is left to the sound discretion of the trial court." ); Peak v. Spartanburg Reg'l Healthcare Sys., 367 S.C. 450, 454, 626 S.E.2d 34, 36 (Ct. App. 2005) ("An abuse of discretion occurs when the decision of the trial court is unsupported by the evidence or controlled by an error of law."); Rule 201(e), SCRE ("A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.").

2. As to the remaining issues: Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating when one issue is dispositive of a case, the appellate court need not address any remaining issues).

**VACATED AND REMANDED.**

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.