**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

A & B Associates, L.P., Respondent,

v.

FCRE REL, LLC, and Tideland Realty, Inc., Defendants,

of Whom FCRE REL, LLC is the Appellant.

Appellate Case No. 2016-001899

---

Appeal From Beaufort County
Marvin H. Dukes, III, Special Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-144
Submitted February 1, 2019 – Filed April 17, 2019

---

**AFFIRMED**

---

Benjamin Terrell Coppage, of Coppage Law Firm, LLC, of Beaufort, for Appellant.

Curtis Lee Coltrane, of Coltrane & Wilkins, LLC, of Hilton Head Island, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Strategic Res. Co. v. BCS Life Ins. Co.*, 367 S.C. 540, 544, 627 S.E.2d 687, 689 (2006) ("The power of the court to grant an injunction is in equity.");

*Gilley v. Gilley*, 327 S.C. 8, 11–12, 488 S.E.2d 310, 312 (1997) (explaining the grant or denial of an injunction by the trial court will not be reversed absent an abuse of discretion); *Hampton v. Haley*, 403 S.C. 395, 409, 743 S.E.2d 258, 265 (2013) (stating an injunction is a drastic and extraordinary equitable remedy courts may use in their discretion in order to prevent irreparable harm to a party where no adequate remedy exists at law); *Peek v. Spartanburg Reg'l Healthcare Sys.*, 367 S.C. 450, 454, 626 S.E.2d 34, 36 (2005) ("To obtain an injunction, the plaintiff must allege facts sufficient to constitute a cause of action for an injunction and demonstrate the injunction is reasonably necessary to protect the legal rights pending in the litigation."); i*d.* at 454–55, 626 S.E.2d at 36 ("To establish a cause of action for injunction, the plaintiff must show '(1) it would suffer irreparable harm if the injunction is not granted; (2) it will likely succeed on the merits of the litigation; and (3) there is an inadequate remedy at law.'" (quoting *Scratch Golf Co. v. Dunes W. Residential Golf Props., Inc.*, 361 S.C. 117, 121, 603 S.E.2d 905, 908 (2004))); *Miller v. Miller*, 375 S.C. 443, 457, 652 S.E.2d 754, 761 (Ct. App. 2007) ("Civil contempt must be proved by clear and convincing evidence."); *State v. Bevilacqua*, 316 S.C. 122, 129, 447 S.E.2d 213, 217 (Ct. App. 1994) ("A determination of contempt ordinarily resides in the sound discretion of the trial [court].").

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.