**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Olivia M. Thompson, Ph.D., M.P.H, Appellant,

v.

College of Charleston; College of Charleston Foundation, Inc.; Frances C. Welch, Ph.D., M.A.; Godfrey A. Gibbison, Ph.D., M.S.; and Christopher R. Tobin, Defendants,

Of Whom College of Charleston and Frances C. Welch, Ph.D., M.A. are Respondents.

Appellate Case No. 2022-000044

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge

Unpublished Opinion No. 2023-UP-301
Submitted June 1, 2023 – Filed August 30, 2023

**AFFIRMED**

Daniel Francis Blanchard, III, of Rosen Hagood LLC, of Charleston, for Appellant.

M. Dawes Cooke, Jr.; Randell Croft Stoney, Jr.; John William Fletcher; and Allison Marie Burns; all of

Barnwell Whaley Patterson & Helms, LLC, of Charleston, for Respondents.

_____

**PER CURIAM:**  Olivia M. Thompson appeals the circuit court's denial of her motions for preliminary injunctive relief.  On appeal, Thompson argues the circuit court abused its discretion in (1) finding a prior Form 4 order issued by another judge was binding on the matters raised in her subsequent motions; (2) finding she failed to demonstrate irreparable harm, a likelihood of success, and an inadequate remedy at law; and (3) relying on facts that were not included in the record.  We affirm.

1.  We hold the circuit court abused its discretion in finding a prior Form 4 order denying Thompson's first motion for preliminary injunction decided the merits of her second and third motions for preliminary injunction.  *See Strategic Res. Co. v. BCS Life Ins. Co.*, 367 S.C. 540, 544, 627 S.E.2d 687, 689 (2006) ("An order granting or denying an injunction is reviewed for abuse of discretion."); *id.* ("An abuse of discretion occurs when the trial court's decision is unsupported by the evidence or controlled by an error of law.").  Because an order denying a motion for preliminary injunction is interlocutory, the prior Form 4 order did not preclude Thompson from filing a subsequent motion for an injunction and did not decide the merits of her second and third motions.  *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("[A]n interlocutory order which merely decides some point or matter essential to the progress of the cause, collateral to the issues in the case, is not binding as the law of the case, and may be reconsidered and corrected by the court before entering a final order on the merits." (quoting *Weil v. Weil*, 299 S.C. 84, 89, 382 S.E.2d 471, 473 (Ct. App. 1989))); *S.C. Pub. Int. Found. v. Wilson*, 437 S.C. 334, 341, 878 S.E.2d 891, 895 (2022) ("[A]n order denying a motion for preliminary injunction is interlocutory . . . .").  However, we hold the circuit court's error was harmless because Thompson's second and third motions did not satisfy the requirements for injunctive relief.  *See Sparks v. McCraw* 112 S.C. 519, 527, 100 S.E. 161, 163 (1919) (holding a finding in the circuit court's order was unsupported by the record; however, this error was "immaterial" because even if the finding was incorrect, "it would not affect the result").

2.  We hold the circuit court did not abuse its discretion in finding Thompson failed to demonstrate irreparable harm, a likelihood of success, and an inadequate remedy at law.  *See Strategic Res. Co.*, 367 S.C. at 544, 627 S.E.2d at 689 ("An order granting or denying an injunction is reviewed for abuse of discretion.");

*Scratch Golf Co. v. Dunes W. Residential Golf Props., Inc.*, 361 S.C. 117, 121, 603 S.E.2d 905, 907 (2004) ("An injunction is a drastic remedy issued by the court in its discretion to prevent irreparable harm suffered by the plaintiff."); *id.* at 121, 603 S.E.2d at 908 ("For a preliminary injunction to be granted, the plaintiff must establish that (1) it would suffer irreparable harm if the injunction is not granted[;] (2) it will likely succeed on the merits of the litigation; and (3) there is an inadequate remedy at law."); *Peek v. Spartanburg Reg'l Healthcare Sys.*, 367 S.C. 450, 455, 626 S.E.2d 34, 36 (Ct. App. 2005) ("Whether 'a wrong is irreparable, in the sense that equity may intervene, and whether there is an adequate remedy at law, are questions that are not decided by narrow and artificial rules.'" (quoting *Kirk v. Clark*, 191 S.C. 205, 211, 4 S.E.2d 13, 16 (1939))); *id.* at 455, 626 S.E.2d at 37 ("The complete loss of a professional practice can be an irreparable harm."); *Levine v. Spartanburg Reg'l Servs. Dist., Inc.*, 367 S.C. 458, 465, 626 S.E.2d 38, 41-42 (Ct. App. 2005) (holding the plaintiff, an anesthesiologist, would suffer irreparable harm and the loss of her professional practice because she would lose her entire patient referral base and competency in anesthesiology had she not received a preliminary injunction permitting her to work for the defendant, a hospital).  Thompson failed to demonstrate irreparable harm and an inadequate remedy at law because she is not at risk of a complete loss of her professional practice, and the injuries she alleged can be remedied by monetary damages or an order of the circuit court.

Additionally, Thompson failed to demonstrate that she would succeed on the merits because she has not provided any evidence a Memorandum of Understanding (the MOU) between herself and Respondents was an enforceable contract.  *See id.* at 465, 626 S.E.2d at 42 ("When seeking a preliminary injunction, the plaintiff need not prove an absolute legal right; the plaintiff need only present 'a fair question to raise as to the existence of such a right.'" (quoting *Williams v. Jones*, 92 S.C. 342, 347, 75 S.E. 705, 710 (1912))); *Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 568, 578, 762 S.E.2d 696, 701 (2014) ("[F]or a contract to be binding, material terms cannot be left for future agreement."); *Alala v. Peachtree Plantations, Inc.*, 292 S.C. 160, 167, 355 S.E.2d 286, 290 (Ct. App. 1987) ("[A]ll parties must be obligated under a contract in order for it to be enforceable."); *Atl. Joint Stock Land Bank of Raleigh v. Latta*, 164 S.C. 56, 60, 162 S.E. 68, 69 (1932) ("It is elementary that the consideration for a contract cannot consist of the doing of an act which the moving party was in any event required to do as a matter of law or existing contract.").

3.  Thompson argues the circuit court abused its discretion by finding (1) she taught three courses "which are placed with[in] similar disciplines," (2) her course

load was "typical for a faculty member in her Department," (3) the location of her office "is reasonable and consistent with this academic setting," (4) "she ha[d] presented no evidence to show that she should have obtained [the chairperson] position," and (5) the MOU's "terms do not evidence an intent to be contractually bound."  We hold the circuit court abused its discretion in making the first three findings because the record does not contain evidence that directly supports them; however, the errors were harmless because Thompson failed to satisfy the prerequisites for a preliminary injunction.  *See Sparks*, 112 S.C. at 527, 100 S.E. at 163 (holding a finding in the circuit court's order was unsupported by the record; however, this error was "immaterial" because even if the finding was incorrect, "it would not affect the result").  Finally, we hold the circuit court did not abuse its discretion in making the fourth and fifth findings because they are supported by evidence in the record.  *See Bankers Tr. of S.C. v. Bruce*, 283 S.C. 408, 418, 323 S.E.2d 523, 529 (Ct. App. 1984) (holding the signing of an order by a judge "prepared in its entirety" by a party to the case is not condoned; however, "the findings in the order, though not the product of the trial judge's mind, are formally his"); *id.* ("Such orders and the findings therein are not to be rejected out-of-hand; they will stand if supported by the evidence.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.