THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Randall Pallanck; Sarah J. Pallanck; James R. Liles; Paul W. Donaldson and David P. Howe, Appellants,
 
 
 

v.

 
 
 
 Robert Lemieux and Cathy Ann Lemieux, Respondents.
 
 
 

Appeal From Beaufort County
 Curtis L. Coltrane, Special Circuit Court Judge

Unpublished Opinion No. 2005-UP-577
Submitted October 1, 2005  Filed November 7, 2005

AFFIRMED

 
 
 
 James H. Moss, of Beaufort; for Appellants.
 David L. Tedder, of Beaufort; for Respondents.
 
 
 

PER CURIAM:  In this action, Randall Pallanck, Sarah J. Pallanck, James R. Liles, Paul W. Donaldson, and David P. Howe (Appellants) allege the circuit court erred (1) in failing to find Robert Lemieux and Cathy Ann Lemieux (Lemieux) created a nuisance by damming the water on their property; (2) in finding Pallanck encroached into the easement along Alexander Way; and (3) in ordering Pallanck to remove the curb along Alexander Way.  We affirm.[1]
FACTS
The parties own or once owned four adjacent lots located on Alexander Way, an unpaved, private right of way that is fifty feet in width.  The four lots are configured into a large, square subdivision, and each are approximately the same size.  The lots comprise the four quadrants of the subdivision with the Pallanck lot in the northwest quadrant, the Lemieux lot in the northeast quadrant, the Howe lot in the southeast quadrant[2], and the Liles lot in the southwest quadrant.  Alexander Way runs in a north-south direction and is centered on the property line dividing the Pallanck and Lemieux lots, and it provides access to all four lots.
Several drainage easements also exist in the subdivision.  A thirty-foot drainage easement runs east-west between the boundary of the Pallanck and Liles lots and the Lemieux and Howe lots (the Pallanck-Howe easement).  Another thirty-foot drainage easement runs north-south along the eastern boundary of the Lemieux lot (the Lemieux easement).  In this drainage easement, there is an existing ditch that runs within the entire length of the Lemieux easement, and crosses the Liles-Howe easement.  The Lemieux lot also contains another ditch that runs along the western and southern boundaries of the property, and connects with the ditch in the Lemieux easement (the Lemieux ditch).  The Lemieux ditch is situated entirely within the Lemieux lot.  
Sometime in 1994, Lemieux built a pond on his lot, and also took steps to block the Lemieux ditch.  Thereafter, Pallanck placed curbing and poles along the portion of his lot that abuts Alexander Way in an attempt to divert or prevent surface waters from his lot. 
Recently, Alexander Way has become flooded, and the flooding is concentrated along the boundary between the Pallanck and Lemieux lots.  The flooding was severe enough to prevent access to the Liles and Howe lots, and at times rendered Alexander Way impassable.  
The Appellants claim the flooding resulted from the actions taken by Lemieux.  Specifically, the Appellants allege the pond built by Lemieux and the blocking of the Lemieux ditch caused surface waters to flood Alexander Way.  The Appellants complaint set forth a single cause of action alleging interference with certain easement rights related to drainage, and sought an injunction and damages.  Lemieux counterclaimed, alleging the actions of the Appellants caused the flooding of Alexander Way.  Lemieux sought an order enjoining any further interference by the Appellants.  Lemieux also sought an order compelling the Appellants to restore certain ditches, and sought to enjoin any further trespass onto their property.  
On August 11, 2001, the court issued an order for temporary injunction, prohibiting Lemieux from taking any action to interfere with, dam, barricade, or otherwise obstruct the thirty foot drainage easement.  On August 14, 2001, the circuit court concluded that under the common enemy rule the actions of Lemieux did not amount to an actionable nuisance, and dismissed the claims of the Appellants.  The circuit court order also (1) permanently enjoined Appellants from further trespass onto the Lemieux lot; (2) ordered Pallanck to remove any curbing or poles that were within fifty feet of the Alexander Way easement; and (3) allowed Lemieux to take any action necessary to abate the flow of water onto their property from the pipe or culvert placed across Alexander Way by the Appellants.  This appeal followed.[3]
STANDARD OF REVIEW
          An action by a property owner seeking to enjoin the owner of adjoining property from violating zoning ordinances and alleging special damages is not an action to abate a private nuisance but is an ordinary suit in equity.  Momeier v. John McAlister, 193 S.C. 422, 8 S.E.2d 737 (1940).
LAW/ANALYSIS
I.  The Common Enemy Rule
Appellants first argue the circuit court erred in failing to find the actions of Lemieux constituted a nuisance.  Specifically, Appellants contend the blocking of the Lemieux ditch and the creation of the pond diverted surface waters onto Alexander Way in violation of the easement.  We disagree.
In its order, the circuit court applied the common enemy rule, which states:

 The right of the owner of land to improve it, by changing its surface or erecting buildings and other structures on it, is not restricted merely because the improvement will cause surface water which naturally flows or accumulates on his land either to stand in unusual quantities on his neighbors adjacent lands or to pass onto and over them in greater quantities and in other directions than it was accustomed to flow.  

Johnson v. Phillips, 315 S.C. 407, 412, 433 S.E.2d 895, 898 (Ct. App. 1993) (citing Baltzeger v. Carolina Midway Railway, 54 S.C. 242, 32 S.E. 358 (1899)).  The obstruction of surface water, or an alteration in its flow, affords no cause of action to a person who suffers loss or detriment therefrom against one who does not act inconsistent with the lawful exercise of dominion over his own soil.  Phillips, 315 S.C. at 412, 433 S.E.2d at 898-99.
The common enemy rule has two exceptions.  First, the rule is subject to the general law of nuisance.  Thus, if the obstruction or alteration of the flow of surface water creates a nuisance, it does not come within the rule.  See  Baltzeger v. Carolina Midway Railway, 54 S.C. 242, 32 S.E. 358 (1899).  The second exception applies when the discharge of water upon the lands of another is by prescriptive or contractual right.[4]  See Slater v. Price, 96 S.C. 245, 80 S.E. 372 (1913); Brandenburg v. Zeigler, 62 S.C. 18, 39 S.E. 790 (1901).
The traditional concept of a nuisance requires a landowner to demonstrate that the defendant unreasonably interfered with his ownership or possession of the land.  Silvester v. Spring Valley Country Club, 344 S.C. 280, 286, 543 S.E.2d 563, 566 (Ct. App. 2001); Ravan v. Greenville County, 315 S.C. 447, 464, 434 S.E.2d 296, 306 (Ct. App. 1993).  In resolving issues relating to a private nuisance, we must deal with the conflicting interests of landowners.  Winget v. Winn-Dixie Stores, Inc., 242 S.C. 152, 130 S.E.2d 363 (1963).  To establish the line beyond which ones exercise of his property rights becomes a legal infringement upon the property rights of another requires the delicate balancing of the correlative rights of the parties;  the right of one generally to make such lawful use of his property as he may desire and the right of the other to be protected in the reasonable enjoyment of his property.  OCain v. OCain, 322 S.C. 551, 560, 473 S.E.2d 460, 465-66 (Ct. App. 1996).  In cases where an injunction is sought to abate an alleged private nuisance, the court must deal with the conflicting interests of the landowners by balancing the benefits of an injunction to the plaintiff against the inconvenience and damage to the defendant, and grant or deny an injunction as seems most consistent with justice and equity under the circumstances of the case.  LeFurgy v. Long Cove Club Owners Association, Inc., 313 S.C. 555, 443 S.E.2d 577 (Ct. App. 1994).
Here, the circuit court found there was no evidence in the record that supported [Appellants] claim that the construction of the pond, in and of itself, caused the flooding of Alexander Way.  We agree with this finding.  Pallanck testified as follows:

 Q:  After [Lemieux] put the pond in, what happened to the flow of water off of your property?
 A:  The flow of water was still flowing.  That was no problem.  The problem came when he decided block this ditch.  Thats when the water would not flow anymore.
 Q:  So he blocked the ditch right there and it quit flowing across the property?
 A:  Thats correct.

Therefore, Appellants own testimony demonstrates the creation of the pond, in and of itself, did not create the flooding on Alexander Way.
The Appellants also claimed Lemieux, by blocking the ditch on his property, created the nuisance floodwaters.  The circuit court found the only evidence in the record supported a finding that Lemieux created this ditch in 1985 or 1986, and no evidence supported Appellants argument that the ditch was a natural feature of the property.  The court also concluded there was no evidence that Lemieuxs title was burdened by an easement permitting others to utilize the ditch for drainage.  The evidence supports such a finding.  Throughout the trial, Appellants were repeatedly asked if they were aware of who built the Lemieux ditch, and each responded they did not.  On the other hand, Lemieux testified he built the ditch sometime in 1985 while he was renting the property.  
The circuit court then balanced the competing interests of Lemieux and Appellants.  The court concluded the Appellants have no easement rights in the Lemieux ditch, and balanced that finding with the fact that Appellants have a platted drainage easement to solve this drainage problem.  Thus, rather than burdening the Lemieux lot with the drainage of the surface water, the court determined Appellants should avail themselves of the existing easement to solve the water problems.  After a review of the record, we agree with the balancing of interests as set forth by the circuit court and the conclusion that the actions of Lemieux are consistent with his rights as a landowner under the common enemy rule.
II.  Pallanck encroachment into Alexander Way
Appellants contend the circuit court erred in finding Pallanck had encroached into the Alexander Way easement.  We disagree.
The law is settled in South Carolina that when the width, length, and location of an easement for ingress and egress have been set forth in a plat or other instrument, then the rights under the easement exist as to all of the land within the easement, and no party may occupy or obstruct any portion of it.  Xanadu Horizontal Property Regime v. Ocean Walk Horizontal Property Regime, 306 S.C. 170, 172, 410 S.E.2d 580, 581-82 (Ct. App. 2001).
In this matter, Pallanck admitted at trial he installed the curbing and poles on the property, and there was testimony from the surveyors that the curbing was within the Alexander Way easement.  Therefore, the circuit court correctly found Pallanck encroached on the Alexander Way easement.
III. Mandatory Injunction
Appellants argue the circuit court erred in granting a mandatory injunction requiring Pallanck to remove any of the improvements that encroach on the Alexander Way easement.  We disagree.
The issuance of an injunction is within the sound discretion of the judge who heard the case.  County of Richland v. Simpkins, 348 S.C. 664, 668, 560 S.E.2d 902, 904 (Ct. App. 2002).  Therefore, an order granting or denying an injunction is reviewed for abuse of that discretion.  Id.  
The circuit court found Pallanck had encroached onto the Alexander Way easement in contravention of the plat creating the easement.  Therefore, the circuit court was within its discretion to order Pallanck to remove any of the improvements that are within the Alexander Way easement.
CONCLUSION
Based on the foregoing, the decision of the circuit court is hereby
AFFIRMED.
HEARN, C.J. and STILWELL and KITTREDGE, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Howe was not originally a party to this action.  He was added as a party by motion, to which Lemieux consented.  Howe now occupies the property formerly owned by Donaldson.
[3] The Appellants do not appeal findings 1 or 3.
[4] The circuit court found that no evidence existed in favor of an easement that would obligate Lemieux to drain surface water through the ditch on his lot.  Moreover, the circuit court found the easement sought by the Appellants could not be established by prescription either.  The Appellants do not appeal these findings; therefore, they are now the law of the case.  See Unisun Ins. v. Hawkins, 342 S.C. 537, 544, 537 S.E.2d 559, 563 (Ct. App. 2000) (stating an unappealed ruling is the law of the case which the appellate court must assume was correct).