627 S.E.2d 687

STRATEGIC RESOURCES COMPANY, Gerald D. Peterson, Continental Assurance Company, Continental Casualty Company, and CNA Group Life Insurance Company, Respondents,

v.

BCS LIFE INSURANCE COMPANY, BCS Insurance Company, and American Arbitration Association, Inc., Defendants,

of whom BCS Life Insurance Company and BCS Insurance Company are Appellants.

No. 26022.

Supreme Court of South Carolina.

Heard April 20, 2005.

Refiled March 6, 2006.

Rehearing Denied March 6, 2006.

Charles E. Carpenter, Jr., and S. Elizabeth Brosnan, of Richardson, Plowden, Carpenter & Robinson, P.A., of Columbia; D. Clay Robinson, of Robinson, McFadden & Moore, P.C., of Columbia; and Mark E. Wilson, of Kerns, Pitrof, Frost & Pearlman, L.L.C., of Chicago, IL, for appellants.

C. Mitchell Brown and Kevin A. Hall, of Nelson Mullins Riley & Scarborough, L.L.P., of Columbia; Gray T. Culbreath and Eric Fosmire, of Collins & Lacy, of Columbia; J. Edward Bradley, of Moore, Taylor & Thomas, P.A., of West Columbia; Michael L. McCluggage, R. John Street, and Michael A. Kaeding, of Wildman, Harrold, Allen & Dixon, L.L.P., of Chicago, IL, for respondents.

## ORDER

Respondents filed a petition for rehearing and Appellants filed a return in opposition. We deny the petition for rehearing, withdraw the former opinion, and substitute the attached opinion in its place.

IT IS SO ORDERED.

/s/ James E. Moore, A.C.J.

/s/ John H. Waller, Jr., J.

/s/ E.C. Burnett, III, J.

/s/ Costa M. Pleicones, J.

/s/ J. Cordell Maddox, A.J.

Acting Chief Justice MOORE:

This case involves a dispute over how the American Arbitration Association (AAA) administered the selection of an arbitrator.

### FACTUAL/PROCEDURAL BACKGROUND

BCS Life Insurance Company and BCS Insurance Company (appellants) brought a lawsuit in an Illinois state court against Strategic Resources, Gerald D. Peterson, Continental Assur-

ance Company, Continental Casualty Company, and CNA Group Life Insurance Company (respondents) after a business deal went astray. The Illinois court compelled the parties to arbitrate pursuant to the parties' prior written agreement.

The agreement provided that any dispute would be submitted to a panel of three arbitrators, two to be selected by the parties (party arbitrators) and a third (neutral arbitrator) to be selected by the party arbitrators. The party arbitrators were selected but were unable to agree on who would serve as the neutral arbitrator. Appellants then declared that the party arbitrators had reached an impasse and sought assistance from the AAA to make the selection.[1]

Once respondents became aware that appellants sought the AAA's assistance, a disagreement ensued as to which set of AAA rules was applicable. Appellants argued that the AAA's Supplementary Rules for the Resolution of Intra–Industry United States Reinsurance and Insurance Disputes (Supplementary Rules) applied. However, respondents contended that the AAA's Commercial Rules applied.[2] The AAA issued a list of proposed arbitrators according to the Supplementary Rules and required the parties to "strike and rank" those candidates listed by July 18, 2003.

Respondents objected to the list provided by the AAA and the parties were unable to compromise. On July 17, 2003, one day before the "strike and rank" deadline, respondents initiated these proceedings.

The trial court found that appellants had engaged in a variety of wrongful conduct, including, but not limited to, manipulating the AAA, violating the rules of the AAA, improperly communicating with the AAA, and making inconsistent

---

1. The trial court found that appellants unilaterally made this request in an attempt to obtain an unfair advantage by having the neutral arbitrator selected from a favorable list of arbitrators.

2. We assume the parties wanted what they perceived to be the most favorable list of arbitrators. The Supplementary Rules, which generally apply to disputes involving insurance claims and coverage, would yield a list of arbitrators who are not lawyers, and who have significant experience as officers of life or health insurance companies. On the other hand, the Commercial Rules would yield a list of arbitrators who are lawyers experienced in complex contract disputes.

statements to the trial court at hearings and in documents filed with the court. As a result, the trial court enjoined the AAA from following the Supplementary Rules and directed the AAA to devise a list of arbitrators according to the Commercial Rules. Appellants appealed. This case was certified from the Court of Appeals pursuant to Rule 204(b), SCACR.

## ISSUE

Did the trial court err by enjoining the AAA?

## DISCUSSION

■■ An order granting or denying an injunction is reviewed for abuse of discretion. *County of Richland v. Simpkins,* 348 S.C. 664, 560 S.E.2d 902 (Ct.App.2002). An abuse of discretion occurs when the trial court's decision is unsupported by the evidence or controlled by an error of law. *Id.*

■ The power of the court to grant an injunction is in equity. *Doe v. South Carolina Med. Malpractice Liability Joint Underwriting Ass'n,* 347 S.C. 642, 557 S.E.2d 670 (2001). The court will reserve its equitable powers for situations when there is no adequate remedy at law. *Santee Cooper Resort, Inc. v. South Carolina Pub. Serv. Comm'n,* 298 S.C. 179, 379 S.E.2d 119 (1989). The party seeking an injunction has the burden of demonstrating facts and circumstances warranting an injunction. *Calcutt v. Calcutt,* 282 S.C. 565, 320 S.E.2d 55 (Ct.App.1984). The remedy of an injunction is a drastic one and ought to be applied with caution. *Forest Land Co. v. Black,* 216 S.C. 255, 57 S.E.2d 420 (1950). In deciding whether to grant an injunction, the court must balance the benefit of an injunction to the plaintiff against the inconvenience and damage to the defendant, and grant an injunction which seems most consistent with justice and equity under the circumstances of the case. *Id.*

■ For a preliminary injunction to be granted, the plaintiff must establish that (1) it would suffer irreparable harm if the injunction is not granted; (2) the party seeking injunction will likely succeed in the litigation; and (3) there is an inadequate remedy at law. *Scratch Golf Co. v. Dunes West Residential Golf Props., Inc.,* 361 S.C. 117, 603 S.E.2d 905 (2004).

In its order granting the injunction, the trial court held that respondents should not be required to wait until the arbitration has concluded before challenging the proceedings, because it would be wasteful to arbitrate pursuant to inapplicable rules and with an improperly selected neutral arbitrator.

 Appellants argue the trial court erred by granting injunctive relief because respondents have an adequate remedy at law according to South Carolina common law.[3] We agree.

Respondents are not entitled to an injunction because they have the right to appeal the results of the arbitration, which is an adequate remedy at law.[4] *Cf. Scratch Golf Co., supra* (injunction inappropriate where golf course failed to establish that it lacked adequate remedy at law to collect damages in breach of contract and negligence suit against developer); *Riverwoods, LLC, v. County of Charleston,* 349 S.C. 378, 563 S.E.2d 651 (2002) (injunction inappropriate where adequate remedy at law exists). The right to appeal provides respondents with an adequate remedy at law, a protection of their rights, and an opportunity to repair any prejudice caused by the alleged improper selection of the neutral arbitrator. Accordingly, we hold that the trial court erred by granting the injunction.

## CONCLUSION

We reverse the lower court and hold that an injunction was an improper remedy because respondents had an adequate remedy at law. Therefore, the trial court's ruling is

**REVERSED.**

---

3. Respondents contend that, despite South Carolina common law, Section 5 of the Federal Arbitration Act grants the trial court the authority to enjoin the AAA upon parties reaching an impasse in deciding on an arbitrator. We disagree. The statute specifically limits the scope of the court's authority to appoint an arbitrator upon parties reaching an impasse. We need not decide whether the parties ever reached an impasse. Even upon an impasse, the injunction was beyond the scope of authority granted to the trial court by the FAA.

4. *See* 9 U.S.C. §§ 10, 11, and 12 (sections of the Federal Arbitration Act, which provide that a party in arbitration has the right to appeal at the conclusion of arbitration).

WALLER, BURNETT, JJ., and Acting Justice J. CORDELL MADDOX, concur. PLEICONES, J., concurring in part and dissenting in part in a separate opinion.

Justice PLEICONES, concurring in part and dissenting in part:

After litigation was commenced in Illinois between most parties to this suit, the Illinois courts granted requests to submit the dispute to arbitration and dismissed those actions. When the respondents became dissatisfied with the actions of the appellants and feared the American Arbitration Association (AAA) would utilize a set of rules they felt did not favor them to select the third arbitrator, they filed this matter in South Carolina seeking to enjoin the AAA to utilize their preferred methodology. In response, the appellants filed a request for emergency relief in Illinois. The Illinois court required the AAA to determine the procedure to be used in this matter, and stated, "After the AAA makes such a ruling, the arbitration shall proceed consistent with the AAA's ruling. The Court retains jurisdiction over the parties and this dispute." The South Carolina circuit court then issued a permanent injunction requiring the AAA to use respondents' preferred rules. This appeal follows.

I concurred in the result reached by the majority when this opinion first issued, and I concur in the decision now to reverse the injunction. I write separately, however, because of my concern that the majority's opinion may be read to hold that the ability to appeal from final judgment is always an adequate remedy at law such that an injunction will never lie. I do not agree. Further, the posture of this case has a South Carolina circuit court injecting itself into an arbitration proceeding which is under the jurisdiction of the courts of Illinois. As a matter of comity and public policy, I would vacate the injunction and remand with instructions that this case be dismissed.