THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 B.P.
 Staff, Inc., Appellant,
 v.
 Guarantee
 Insurance Company, SunCoast Holdings, Inc., J.P. Morgan Chase Bank, N.A.,
 Bankers Bank, GrandSouth Bank, Respondent.
 
 
 

Appeal From Greenville County
Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2009-UP-367
Submitted April, 2009  Filed June 25, 2009

AFFIRMED

 
 
 
 Timothy E.
 Madden and Dowse B. Rustin, IV, both of Greenville, for Appellant.
 W. Duvall
 Spruill, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Guarantee
 Insurance previously served as the workers' compensation insurance policy
 provider for B.P. Staff, Inc., a staffing services company.  B.P. Staff appeals
 the denial of a temporary injunction to enjoin Guarantee from drawing upon a
 letter of credit collateralized with B.P. Staff's assets.[1]  We
 affirm[2] pursuant
 to Rule 220(b), SCACR, and the following authorities:  Levine v. Spartanburg
 Reg'l Servs. Dist., Inc., 367 S.C. 458, 463, 626 S.E.2d 38, 41 (Ct. App.
 2005) (intervention by court of equity is discretionary); Strategic Res. Co.
 v. BCS Life Ins. Co., 367 S.C. 540, 544, 627 S.E.2d 687, 689 (2006) (order
 granting or denying an injunction is reviewed for an abuse of discretion); Levine,
 367 S.C. at 464, 626 S.E.2d at 41 (plaintiff must show: (1) it would suffer
 irreparable harm if the injunction is not granted; (2) it will likely succeed
 in the litigation; and (3) there is no adequate remedy at law); Calcutt v.
 Calcutt, 282 S.C. 565, 572, 379 S.E.2d 55, 59 (Ct. App. 1984) (the party
 seeking an injunction has the burden of demonstrating facts and circumstances
 warranting an injunction); Strategic, 367 S.C. at 544, 627 S.E.2d at 689
 ("The court will reserve its equitable powers for situations when there is
 no adequate remedy at law."); Scratch Golf Co., v. Dunes West
 Residential Golf Props., Inc., 361 S.C. 117, 121-22, 603 S.E.2d 905, 908
 (2004) (injunction inappropriate where plaintiff failed to establish that it
 lacked adequate remedy at law to collect damages in breach of contract and negligence
 suit against developer); Levine, 367 S.C. at 464, 626 S.E.2d at 41
 (providing the harm shown must be irreparable in order to trigger the drastic
 remedy of an injunction); Ellis v. Taylor, 316 S.C. 245, 248, 449 S.E.2d
 487, 488 (1994) ("The court's duty is to enforce the contract made by the
 parties regardless of its wisdom or folly, apparent unreasonableness, or the
 parties' failure to guard their rights carefully."); MailSource, LLC v.
 M.A. Bailey & Assocs., 356 S.C. 363, 370, 588 S.E.2d 635, 639 (Ct. App.
 2003) (finding the trial court did not abuse its discretion where there was a
close question as to whether an injunction should issue). 
AFFIRMED.
HEARN,
C.J., and PIEPER, and LOCKEMY, JJ., concur.

[1] We find
 Guarantee's argument that B.P. Staff was required to file a separate initial
 brief for the form order, the detailed written order, and the order denying
supersedeas and motion to stay to be without merit. 
[2] The decision in this case was delayed upon request of
 the parties.  We decide this case without oral arguments pursuant to Rule 215,
SCACR.