**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Town of McBee, Appellant,

v.

Alligator Rural Water & Sewer Company, Inc., Alligator Rural Water Company, Inc., Respondent.

and A.O. Smith Corporation, Intervenor-Defendant,

of Whom Alligator Rural Water & Sewer Company, Inc. and Alligator Rural Water Company Inc. are the Respondents.

Appellate Case No. 2016-001604

Appeal From Chesterfield County
Roger E. Henderson, Circuit Court Judge

Unpublished Opinion No. 2019-UP-176
Heard March 14, 2019 – Filed June 26, 2019

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

Martin S. Driggers, Jr., of Driggers & Moyd, of Hartsville; John Thomas Lay, Jr., of Gallivan, White & Boyd, PA, of Columbia; Richard Edward Mclawhorn, Jr., of Sweeny Wingate & Barrow, PA, of Columbia;

Kathryn Susan Mansfield, of Womble Bond Dickinson (US) LLP, of Charleston; and Belton Townsend Zeigler and Matthew Todd Carroll, both of Womble Bond Dickinson (US) LLP, of Columbia, for Appellant.

William O. Spencer, Jr., of Spencer Law Firm, of Chesterfield, for Respondent.

---

**PER CURIAM:**  The Town of McBee (the Town) appeals the grant of a temporary injunction in favor of Alligator Rural Water and Sewer Company, Inc. (Alligator) preventing the Town from directly providing water service to customers pending the litigation of the underlying declaratory judgment action between the parties. The Town also maintains the circuit court erred in not requiring Alligator to post a bond pursuant to Rule 65(c), SCRCP.  We affirm in part, reverse in part, and remand.

1.  The circuit court did not err in granting Alligator's request for an injunction. We find the circuit court did not abuse its discretion in concluding Alligator made a prima facie showing of entitlement to relief under the circumstances of this case, particularly when the injunction resulted in the preservation of the status quo pending resolution of the underlying litigation.  *See Strategic Res. Co. v. BCS Life Ins. Co.*, 367 S.C. 540, 544, 627 S.E.2d 687, 689 (2006) ("An order granting or denying an injunction is reviewed for abuse of discretion."); *id.* ("An abuse of discretion occurs when the trial court's decision is unsupported by the evidence or controlled by an error of law."); *Compton v. S.C. Dep't of Corr.*, 392 S.C. 361, 365-67, 709 S.E.2d 639, 642 (2011) ("The purpose of a preliminary injunction is to preserve the status quo and prevent irreparable harm to the party requesting it."); *id*. ("[T]he applicant must establish three elements to receive this relief: (1) he will suffer immediate, irreparable harm without the injunction; (2) he has a likelihood of success on the merits; and (3) he has no adequate remedy at law."); *id*. ("In evaluating whether a plaintiff is entitled to a preliminary injunction, the court must examine the merits of the underlying case only to the extent necessary to determine whether the plaintiff has made a sufficient prima facie showing of entitlement to relief.").

2.  The circuit court erred in not requiring Alligator to post an injunction bond. The plain language of Rule 65(c) excepts the State, its agencies, and its officers

from posting a bond, but this does not include not-for-profit corporations like Alligator.[1]

Not-for-profit corporations are treated as quasi-state entities in some situations.[2] However, the rationale for excusing the State from the bond requirement is not equally applicable to an entity like Alligator. *See* § 2954 *Requirement of Security for the Issuance of a Preliminary Injunction or Temporary Restraining Order*, 11A Fed. Prac. & Proc. Civ. § 2954 (3d ed.) (considering the comparable exemption for the United States under federal law and noting "[a]lthough the government later may be liable for the [damages from a wrongful injunction], security is unnecessary because there is no substantial risk that the United States will be financially unable to indemnify the enjoined party for any of the costs it is legally obligated to pay"). The State, like the United States, is expected to maintain financial stability, but the same cannot be said for a not-for-profit corporation like Alligator. Therefore, we reverse the circuit court's finding regarding bond and remand for the circuit court to set bond in accordance with Rule 65(c), SCRCP.

---

[1] Section 33-36-10 of the South Carolina Code (2006) provides a "'corporation not-for-profit' means a corporation [that], upon its original organization, is financed in whole or in part by a loan made under the provisions of the Consolidated Farmers Home Administration Act of 1961, as amended by the Food and Agriculture Act of 1962, and acts amending it, and by the State Revolving Fund for Water or Sewer."

[2] The Legislative Findings contained in the preamble to section 33-36-10 indicate

> Corporations not-for-profit exist for a public purpose, and the General Assembly declares that corporations not-for-profit must be treated like special purpose districts for purposes of Chapter 78 of Title 15 [the Tort Claims Act], Chapter 56 of Title 12 [governing issuance of permanent license plates], and [s]ections 56-3-780 and 58-31-30(23) of the 1976 Code. Corporations not-for-profit may participate, under the same conditions as afforded special purpose districts, in the State Retirement System, the State Health Insurance System, state purchasing programs, and [s]ections 1-11-140 and 1-11-141 of the 1976 Code.

2000 South Carolina Laws Act 404 (H.B. 3358), Section 1.B.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**