# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

South Carolina Lottery Commission, Respondent,

v.

George S. Glassmeyer, Petitioner.

Appellate Case No. 2020-000050

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Richland County
L. Casey Manning, Circuit Court Judge

---

Opinion No. 28023
Heard March 2, 2021 – Filed April 21, 2021

---

### REVERSED

---

Andrew Sims Radeker and Taylor Meriwether Smith IV,
Harrison, Radeker & Smith, P.A., both of Columbia, for
Petitioner.

Vordman Carlisle Traywick III, Robinson Gray Stepp &
Laffitte, LLC; Karl Smith Bowers Jr., both of Columbia,
for Respondent.

---

**JUSTICE FEW:** George Glassmeyer sent Freedom of Information Act (FOIA)
requests to the South Carolina Lottery Commission for information relating to

million-dollar lottery winners.  The Lottery Commission filed this lawsuit asking the circuit court to declare the information exempt from disclosure.  The circuit court ruled in favor of the Lottery Commission without a trial.  We reverse and remand for trial.

## I.    Facts and Procedural History

Glassmeyer sent several FOIA requests to the Lottery Commission seeking information related to winners of lottery prizes equal to or greater than one million dollars between March 1, 2013, and March 20, 2014.  Glassmeyer requested the "full name, address, and telephone number; the date and gross amount of the claim; and a copy of any and all forms of identification obtained from" each winner.  The Lottery Commission responded to each request, stating that pursuant to subsection 30-4-40(a)(2) of the South Carolina Code (Supp. 2020) it was not going to disclose the information.  The Lottery Commission claimed the information sought was "personal" and "disclosure . . . would constitute unreasonable invasion of personal privacy."  Instead, the Lottery Commission disclosed the hometown and state of each winner, the amount of each prize, the date of each prize, and the game associated with each prize.  Glassmeyer responded that the Lottery Commission's disclosure did not satisfy his requests.

The Lottery Commission then filed this lawsuit seeking a declaratory judgment that the release of lottery winners' names, addresses, telephone numbers, and forms of identification would constitute an unreasonable invasion of personal privacy under subsection 30-4-40(a)(2) and may be withheld.  The Lottery Commission also sought injunctive relief preventing Glassmeyer from obtaining the information.

At the start of the non-jury trial, the Lottery Commission made an oral motion for judgment on the pleadings.  The circuit court granted the Lottery Commission's motion and declared the release of the lottery winners' "personal identifying information would constitute an unreasonable invasion of personal privacy within the meaning of § 30-4-40(a)(2)."  The circuit court also entered an injunction permanently restraining Glassmeyer from seeking the lottery winners' full names, addresses, telephone numbers, and forms of identification.

The court of appeals affirmed. *S.C. Lottery Comm'n v. Glassmeyer*, 428 S.C. 423, 835 S.E.2d 524 (Ct. App. 2019).[1] We granted Glassmeyer's petition for a writ of certiorari. We reverse the court of appeals.

## II. Analysis

### A. Injunction

The circuit court issued an injunction in favor of the Lottery Commission which "PERMANENTLY restrained and enjoined [Glassmeyer] from seeking to obtain the (1) full names; (2) addresses; (3) telephone numbers; and (4) forms of identification of all lottery winners and claimants." The injunction prevented Glassmeyer from seeking the information from any source. This was improper.

As the Lottery Commission conceded during oral argument to this Court, an injunction restricting Glassmeyer from seeking this information from *any* source is overly broad. The only question before the circuit court was the Lottery Commission's obligation to disclose the information. Thus, a proper injunction could restrict Glassmeyer only from seeking this information from the Lottery Commission. The Lottery Commission had no right to request an injunction permanently restraining Glassmeyer from seeking this information from any source, and the circuit court had no authority to prevent Glassmeyer from doing so.

Even if the injunction was proper in scope, an injunction was unnecessary. The parties are in the midst of litigation. Glassmeyer requested the information from the Lottery Commission, and the Lottery Commission refused to disclose the information. The declaratory judgment entered by the circuit court, although improper as a judgment on the pleadings as we will discuss, is an adequate remedy to protect the Lottery Commission's interests. *See Strategic Res. Co. v. BCS Life Ins. Co.*, 367 S.C. 540, 544, 627 S.E.2d 687, 689 (2006) ("The court will reserve its equitable powers for situations when there is no adequate remedy at law." (citing *Santee Cooper Resort, Inc. v. S.C. Pub. Serv. Comm'n*, 298 S.C. 179, 185, 379 S.E.2d 119, 123 (1989))); *see also Hampton v. Haley*, 403 S.C. 395, 409, 743 S.E.2d 258, 265 (2013) (noting an injunction was unnecessary because the declaratory judgment

---

[1] The court of appeals also held the circuit court erred in not addressing Glassmeyer's counterclaim for willful abuse of process and remanded the claim to the circuit court. 428 S.C. at 439, 835 S.E.2d at 532. This issue was not appealed to this Court.

entered in the case provided an adequate remedy at law).  Even a proper injunction would accomplish nothing in this case because the accompanying declaratory judgment permitted the Lottery Commission to refuse to disclose the information.

### B.      Declaratory Judgment

Glassmeyer argues the Lottery Commission had no right to bring a declaratory judgment action asking the circuit court to determine its rights and obligations under FOIA.  We disagree.

When a party has a question regarding its rights or obligations under the law, the party may bring an action under the Declaratory Judgments Act to have the question resolved by a court.  The Declaratory Judgments Act[2] provides, "Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed."  S.C. Code Ann. § 15-53-20 (2005).  It further provides, "Any person . . . whose rights, status or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status or other legal relations thereunder."  S.C. Code Ann. § 15-53-30 (2005).  Despite Glassmeyer's arguments to the contrary, the Lottery Commission had the right to bring a declaratory judgment action asking the circuit court to determine whether the exemption applied.

### C.      Judgment on the Pleadings

Glassmeyer also argues the circuit court erred in granting judgment on the pleadings in favor of the Lottery Commission on the declaratory judgment action.  We agree.

Under FOIA, "A public body may but is not required to exempt from disclosure the following information: . . . Information of a personal nature where the public disclosure thereof would constitute unreasonable invasion of personal privacy." S.C. Code Ann. § 30-4-40(a)(2).  A public body must make two decisions before invoking this exemption.  First, the public body must determine whether the information requested is personal and whether disclosure would constitute an unreasonable invasion of personal privacy.  Second, if so, the public body must determine whether to disclose the information.  Only the first decision is before us

---

[2] S.C. Code Ann. § 15-53-10 *et seq.* (2005).

at this time.  When the Lottery Commission made the decision, it made a judgment call as to whether disclosure of the information would constitute an unreasonable invasion of personal privacy.  The Lottery Commission's determination was necessarily based on evidence.  "Whether a record is exempt depends on the particular facts of the case." *Evening Post Publ'g Co. v. City of N. Charleston*, 363 S.C. 452, 457, 611 S.E.2d 496, 499 (2005) (citing *City of Columbia v. ACLU*, 323 S.C. 384, 387, 475 S.E.2d 747, 749 (1996)).

When the litigation began, the circuit court was required to "resort to general privacy principles, which [] involves a balancing of conflicting interests—the interest of the individual in privacy on the one hand against the interest of the public's need to know on the other." *Glassmeyer v. City of Columbia*, 414 S.C. 213, 220, 777 S.E.2d 835, 839 (Ct. App. 2015) (quoting *Burton v. York Cty. Sheriff's Dep't*, 358 S.C. 339, 352, 594 S.E.2d 888, 895 (Ct. App. 2004)).  This is also a determination necessarily based on evidence.  The Lottery Commission had the evidentiary burden of proving the exemption applied. *Evening Post Publ'g Co.*, 363 S.C. at 457, 611 S.E.2d at 499.

The court of appeals nevertheless held, "The question of whether the information Glassmeyer requested was exempt under FOIA is a question of law and does not require looking at any facts other than Glassmeyer's request."  428 S.C. at 438, 835 S.E.2d at 531.  We disagree. *See Evening Post Publ'g Co.*, 363 S.C. at 457, 611 S.E.2d at 499 (explaining FOIA exemptions "depend[] . . . on . . . facts").[3]  Without a trial on the issues to develop a factual record, there is no evidence on which the circuit court could base its judgment.

Throughout this litigation, the Lottery Commission relied heavily on the threat to the safety of lottery winners to support its argument the invasion of a winner's privacy would be unreasonable.  At the circuit court, just prior to asking for judgment on the pleadings, the Lottery Commission argued it is "very concerned in this day and age about invasion of privacy and the safety and security of [its] winners."  To support the point, the Lottery Commission stated "there are a litany of examples of situations, not just in South Carolina, but nationwide about lottery winners who have been threatened, who have been harmed physically, who have been cheated.  In fact, we had a situation here with one of those really high lottery winners where he was scammed."  The Lottery Commission presented no evidence to support the statements.

---

[3] The exemption set forth in subsection 30-4-40(a)(4) is uniquely based only on law.

The court of appeals, however, found that evidence to support the Lottery Commission's argument was "not necessary to the circuit court's order." 428 S.C. at 438, 835 S.E.2d at 531. The Lottery Commission was unconvinced. Even during oral argument to this Court, after the court of appeals said it did not matter, the Lottery Commission argued the safety of lottery winners is a consideration the circuit court should make in the balancing the conflicting interests. Specifically, the Lottery Commission told this Court "people are robbed, they are killed, they are extorted; there are . . . a legion of circumstances that take place that put the safety of lottery claimants, particularly those who come upon over a million dollars, in great jeopardy." We agree with the Lottery Commission that the extent to which these risks are real is important in the circuit court's determination of whether the exemption applies.

Similarly, Glassmeyer's reason for requesting the information is important for the circuit court to consider in its determination of whether the exemption applies. Ordinarily, a citizen requesting information under FOIA should not have to disclose the reason for the request. However, when a public entity invokes the unreasonable invasion of personal privacy exemption in subsection 30-4-40(a)(2), the circuit court must balance the conflicting interests of the individual's privacy against the public's need to know. *Glassmeyer*, 414 S.C. at 220, 777 S.E.2d at 839 (quoting *Burton*, 358 S.C. at 352, 594 S.E.2d at 895). In such an instance, the court must understand and address the reason for seeking the information because the reason goes directly to the public's interest and whether the invasion of personal privacy would be unreasonable. In this case, Glassmeyer's reason for seeking the information from the Lottery Commission should be developed at trial.

### III. Conclusion

We vacate the injunction in favor of the Lottery Commission. We reverse the declaratory judgment—without addressing the merits—and remand the action to the circuit court for trial.

**BEATTY, C.J., KITTREDGE, HEARN and JAMES, JJ., concur.**