0818

James E. ROACH, Joyce P. Brown and Harry A. Moore, as Residents of the Powdersville Community, individually and as members of the Powdersville Community Protection Group and on behalf of all others similarly situated as a class, Appellants v. The COMBINED UTILITY COMMISSION OF the CITY OF EASLEY, S. C., Respondent.

(351 S. E. (2d) 168)

Court of Appeals

*V. Laniel Chapman* and *Bruce A. Byrholdt*, of *Chapman, King & Byrholdt*, Anderson, *for appellants.*

*Felix L. Finley, Jr.*, and *George F. Townes*, of *The Finley Law Firm, P.A.*, Pickens, *for respondent.*

Heard Oct. 14, 1986.

Decided Nov. 17, 1986.

CURETON, Judge:

The plaintiffs, individually and as representatives of the Powdersville Community Protection Group, commenced this action for an injunction against construction of a waste water treatment plant by the Combined Utility Commission of the City of Easley. The trial judge denied the injunction. The plaintiffs appeal. We affirm.

Planning for the construction of the Middle Branch Treatment Plant sewage facility for the City of Easley in Pickens County began in 1975-76. The site selected for this plant was actually three or four miles from Easley near the Anderson County community of Powdersville, a rural residential area.

The plans, specifications, and site were submitted to and approved by the South Carolina Department of Health and Environmental Control (DHEC) and the Army Corps of

Engineers in Charleston.[1] Under standard procedures, two public hearings on the project were held in Easley. Following completion of the facility plans, a third hearing was held in Easley. All permits necessary to begin construction of the facility were obtained.

The plaintiffs, residents of Powdersville, filed a petition on March 20, 1985 to enjoin construction on the basis of anticipatory nuisance. The named petitioners testified their homes are located between 150 and 800 yards from the geographic center of the 32 acre proposed plant site. The plaintiffs do not challenge the administrative procedures followed; they instead allege the proposed plant will constitute an anticipatory nuisance, will be unhealthy and unsightly, and will result in odors, noise, flies, and vermin in their community. Following a hearing on April 25, 1985, the judge found the plaintiffs failed to establish their burden, and denied the request for an injunction.

The plaintiffs on appeal argue three questions. The primary issue is whether the judge erred in ruling the plaintiffs failed to establish their burden of showing an anticipatory nuisance.

The three named plaintiffs testified regarding the anticipated odors, noise, visual proximity and lowered property values attendant to the construction of the plant at this site. Their expert witness, a civil engineer named Charles Joye, had twelve years of experience in waste water facilities. Mr. Joye was qualified as an expert in the design, construction, and operation of waste water treatment plants. He testified the plant would experience odor problems from five to ten percent of the time, due to malfunction of equipment. He also testified, "there is [sic] potential problems from the standpoint of noise."

The Commission's expert, Michael Garrett, is an engineer and officer with McGuire-Beebe, the plant's builder. Mr. Garrett testified at length regarding the design of the proposed plant. According to him, the plant's design was as modern as they could make it. He stated, in his opinion, noise would be eliminated "unless you were standing right

---

[1] The Environmental Protection Agency has delegated their review of such projects to the Army Corps of Engineers.

up next to the equipment." He further testified that, with proper operation and maintenance, the plant would function "without nuisance of odor, or noise, flies or vermin."

An anticipatory nuisance is an act, occupation, or structure which is not a nuisance *per se*, but which may become a nuisance by reason of circumstances, location or surroundings. *Neal v. Darby*, 282 S. C. 277, 318 S. E. (2d) 18 (Ct. App. 1984). Our Supreme Court has given a clear statement of the proof necessary to establish a right of injunction against an anticipatory nuisance:

> [E]quity will not interfere where the anticipated nuisance is doubtful, contingent, or conjectural. To entitle one to injunctive relief against a threatened or anticipated nuisance, public or private, it must appear that a nuisance will inevitably or necessarily result from the act or thing which it is sought to enjoin. It is not enough to show that the anticipated acts threatened to or may become a nuisance, but the evidence must show that a nuisance is inevitable from the proposed use of the premises or will necessarily result. If the proposed business may be operated in such a way as not to constitute a nuisance, an injunction will not be issued. The alleged nuisance must be the necessary result of the operation of the business.

*Strong v. Winn-Dixie Stores, Inc.*, 240 S. C. 244, 125 S. E. (2d) 628 (1962).

The judge found the plant "will not create or produce objectionable odor, noise, or other conditions annoying or hazardous to owners of nearby property." He further noted a use of property which does not create a nuisance cannot be enjoined merely because it lowers property values. *Winget v. Winn-Dixie Stores, Inc.*, 242 S. C. 152, 130 S. E. (2d) 363 (1963). He concluded the plaintiffs "failed to sustain their burden of proof that a nuisance will inevitably result from the operation of the proposed facility." We agree the evidence presented was insufficient to demonstrate an inevitable anticipatory nuisance under *Strong*, and affirm the trial judge's ruling.

Secondly, the plaintiffs argue the court erred in holding it could not review the site location of the proposed sewage

facility. They claim two other sites which were also under consideration for the plant would have been better choices. One site was the Sitton Farm site in Anderson County, a 123 acre tract which, according to Garrett, the Commission's expert, was not for sale. The second site was on Middle Branch Creek in Pickens County. Mr. Garrett testified the Pickens County site was water quality limited, and did not have the cleansing capacity to receive waste water. In his opinion, "Pickens County does not, ... have a cost effective site available for a waste treatment plant."

Mr. Garrett further testified the Powdersville location was as remote as they could find in the area and would have less environmental impact. There was additional testimony from a DHEC engineer that the Powdersville site would have less impact on the area than the Sitton Hill site. The chosen location was not visible from the road, while the Sitton Farm site was on open pastureland. According to Garrett, the Powdersville site was located at the confluence of another stream with Middle Branch, and the increased flow would provide for less impact on the stream. Garrett testified that many potential sites were examined. He also testified that the environmental impact, cost, economic impact on the users, ability of the project to serve the area, and length of the planning period were all factors in the site selection.

The court concluded the plaintiffs' assertion that the plant should be located at an alternative site is without merit. The order stated, "Under the facts here presented this Court cannot substitute its judgment as to plant site location." The plaintiffs argue the site decision should be reversed because it is an arbitrary exercise of administrative discretion clearly erroneous in view of the substantial evidence on the whole record, citing *Todd's Ice Cream v. S. C. Employment Security Commission*, 281 S. C. 254, 315 S. E. (2d) 373 (Ct. App. 1984). On appeal from an action in equity tried by a single judge, this Court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence. *Townes Assoc. Ltd v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). On this record, there is no showing that the Commission abused its discretion in selecting this site for the waste water plant.

We agree with the trial judge that this Court cannot substitute its judgment for that of the administrative authorities. This issue is without merit.

Finally, the plaintiffs argue the court erred in not granting the injunction because they met the elements required to merit an injunction. They claim they have demonstrated irreparable harm, a likelihood of success on the merits, and an inadequate remedy at law, citing *Bethel Methodist Episcopal Church v. City of Greenville*, 211 S. C. 442, 45 S. E. (2d) 841 (1947); *Childs v. City of Columbia*, 87 S. C. 566, 70 S. E. 296 (1911); *Arnold v. City of Spartanburg*, 201 S. C. 523, 23 S. E. (2d) 735 (1943). The trial court found the plaintiffs failed to establish their right to an injunction under the general law. We have affirmed the judge's finding that the plaintiffs failed to meet the burden of proving an anticipatory nuisance. This argument is manifestly without merit and we dispose of it under the provisions of Section 14-8-250, Code of Laws of South Carolina, 1976.

For the reasons stated above, the judgment of the trial court is affirmed.

BELL and GOOLSBY, JJ., concur.