THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Paul James Quinton, Jr., Myrna Quinton and Paul Jefferson Quinton,       
Appellants,
 
 
 

v.

 
 
 
Joe Adair Foundation and Laurens County Soil and Water Conservation District,       
Respondents.
 
 
 

Appeal From Laurens County
James W. Johnson, Jr., Circuit Court 
 Judge

 
 
 
Unpublished Opinion No. 2003-UP-695
Submitted September 17, 2003  Filed 
 December 2, 2003
 
 
 

AFFIRMED

 
 
 
James Emerson Smith, Jr., of Columbia, for Appellants. 
J. Michael Turner, of Laurens, for Respondents.
 
 
 

PER CURIAM:  Paul James 
 Quinton, Jr., Myrna Quinton, and Paul Jefferson Quinton appeal the circuit courts 
 denial of their motion for a temporary injunction against Joe R. Adair Foundation.  
 We affirm. [1] 
FACTS/PROCEDURAL 
 HISTORY
The Quintons sought a temporary 
 injunction to enjoin any further construction at the Joe R. Adair Outdoor Education 
 Center and to enjoin the construction of a footbridge spanning the creek running 
 between the centers property and the property of Laurens County School District 
 55.  The bridge, as proposed, would be wide enough to permit a golf cart equipped 
 with seat belts to carry handicapped students from the school to the education 
 center.  
The entire complex includes an arboretum, an education 
 center including nature trails, a 4,200 square foot classroom building, a butterfly 
 garden, a Native American village, a picnic shelter, a waterfall and a log cabin.  
 This construction had been in place for approximately six years and was managed 
 by Laurens County School District 55.
The Quintons live across the street from the center, 
 and have known of the existence and operation of the center for some years.  
 In fact, they signed a waiver of any violation of the restrictive covenants 
 in 1995, around the time of the initial construction.  They brought this action 
 for injunctive relief, claiming the addition of an outhouse, wagon, shelter 
 and possibly a bridge violates the restrictive covenants.  
The court denied the motion for a temporary injunction, 
 finding the Quintons would suffer no irreparable harm.  After the Quintons filed 
 a motion to reconsider, the court amended its order to enjoin only the use of 
 the proposed bridge. 
Law/Analysis
The granting of temporary injunctive 
 relief is within the sound discretion of the trial court and will not be overturned 
 absent an abuse of that discretion.  City of Columbia v. Pic-A-Flick Video, 
 Inc., 340 S.C. 278, 282, 531 S.E.2d 518, 520-21 (2000).  An abuse of discretion 
 occurs when a trial courts decision is unsupported by the evidence or controlled 
 by an error of law.  County of Richland v. Simpkins, 348 S.C. 664, 668, 
 560 S.E.2d 902, 904 (Ct. App. 2002).
To warrant a temporary injunction the 
 complaint must allege facts sufficient to constitute a cause of action for injunction 
 and the information offered for both sides must demonstrate the injunction to 
 be reasonably necessary to protect the legal rights of the plaintiff pending 
 in the litigation.  Transcon. Gas Pipe Line Corp. v. Porter, 252 S.C. 
 478, 480-81, 167 S.E.2d 313, 315 (1969).  Generally, to obtain an injunction, 
 a party must demonstrate irreparable harm, a likelihood of success on the merits, 
 an inadequate remedy at law.  Roach v. Combined Util. Commn., 290 S.C. 
 437, 442, 351 S.E.2d 168, 170 (Ct. App. 1986).  [T]he sole purpose of a temporary 
 injunction is to preserve the status quo . . .  Powell v. Immanuel Baptist 
 Church, 261 S.C. 219, 221, 199 S.E.2d 60, 61 (1973).  
The Quintons reliance is placed upon the restrictive 
 covenants applicable to the lots in the subdivision to assert their right to 
 a temporary injunction.  As an initial matter, they signed a waiver of any violation 
 of restrictions on March 20, 1995.  That waiver states, We are in sympathy 
 with the objects of the center and support it.  We waive any possible conflicts 
 with existing residential restrictions over our properties.  More importantly, 
 a majority of the structures have been in place since approximately 1995, and 
 the most recent additions have been located there for approximately two years.  
 There is nothing in the record to suggest the Quintons have suffered or will 
 suffer irreparable harm from this construction.  
The respondents raise several issues on appeal, 
 including standing, laches, and the possibility the bridge may be required under 
 federal regulatory law, that raise doubts about the likelihood of the Quintons 
 success on the merits.  The center is long established and well known to the 
 Quintons and other residents of the neighborhood.  Both the 1995 construction 
 and the recent additions are consistent with the original purpose and design 
 of the nature area.  In sum, we cannot say the court abused its discretion by 
 refusing to enjoin such established construction.  
AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.