2016 UT App 49

# THE UTAH COURT OF APPEALS

STEFFENSEN-WC, LLC,
Appellant,
*v.*
VOLUNTEERS OF AMERICA OF UTAH, INC.; KATHERINE BRAY;
AND MARK S. MANAZER,
Appellees.

Memorandum Decision
No. 20140855-CA
Filed March 10, 2016

Third District Court, Salt Lake Department
The Honorable L.A. Dever
No. 140901780

Brian W. Steffensen, Attorney for Appellant

Matthew N. Evans, Beth J. Ranschau, and Greg M.
Newman, Attorneys for Appellees

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGE GREGORY K. ORME and SENIOR JUDGE
RUSSELL W. BENCH concurred.[1]

CHRISTIANSEN, Judge:

¶1     Steffensen-WC, LLC appeals from the district court's
grant of a motion to dismiss. We affirm.

¶2     Volunteers of America of Utah, Inc. is a nonprofit
organization, Katherine Bray is its president, and Mark S.
Manazer is its chief operating officer. We refer to the
organization, Bray, and Manazer collectively as VOA. We refer

---

1. Senior Judge Russell W. Bench sat by special assignment as
authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

to Salt Lake City Corporation, the Salt Lake City Planning Commission, and the Salt Lake City Planning Director collectively as SLC.

¶3 Steffensen-WC owns a parcel of land in Salt Lake City. The building on that land was formerly industrial but has been converted to apartments. VOA purchased an adjacent parcel of land, with the intention of constructing a homeless shelter for young adults. To that end, VOA applied to SLC for the permits necessary to build and operate the shelter. Thereafter, Steffensen-WC brought suit against VOA and SLC, noting that SLC appeared "to be on the verge of approving the conditional use application" and asserting that "such approval can not meet the requirements of the applicable . . . ordinances and will create a substantial private nuisance." VOA and SLC both filed motions to dismiss the suit.

¶4 VOA argued in its motion to dismiss that dismissal was appropriate because the shelter had not yet been approved, let alone built, and "speculative allegation[s] of what may or may not occur in the future" could not sustain a claim for private nuisance.[2] Steffensen-WC responded to the motion by arguing that the complaint "appropriately invoke[d] the law of Anticipatory Nuisance" and that VOA had "inexplicably ignore[d] the fact that [Steffensen-WC] is pursuing an anticipatory nuisance claim." VOA filed a reply, asserting that anticipatory nuisance is not a cause of action recognized by Utah courts and that even if it were recognized in Utah, Steffensen-WC "nevertheless failed to plead the necessary elements of such a claim." VOA then filed a request to submit its motion to

---

2. At oral argument before this court, counsel represented that the permits necessary for VOA to construct and operate the shelter have since been approved and that the shelter is under construction.

dismiss for decision. Steffensen-WC objected, claiming that the anticipatory-nuisance arguments in VOA's reply constituted "essentially an entirely new motion to dismiss." Steffensen-WC also requested an enlargement of time to file a motion to strike VOA's reply.

¶5    The district court determined that the anticipatory-nuisance arguments in VOA's reply were appropriate rebuttal material under rule 7 of the Utah Rules of Civil Procedure. The district court also noted that it was unpersuaded by Steffensen-WC's argument that the complaint had "'invoked the law of Anticipatory Nuisance'" in light of the fact that Steffensen-WC's complaint "expressly invokes the claim of 'private nuisance'" and "even lays out the elements of a 'private nuisance.'" The district court concluded that the complaint attempted to allege private nuisance but failed to allege the specific elements required of a private-nuisance claim. As a result, the district court denied Steffensen-WC's objection and motion for an enlargement of time and granted VOA's motion to dismiss the claims against VOA.

¶6    SLC's motion to dismiss argued that the district court lacked jurisdiction over the case because the permitting process was still underway and Steffensen-WC had therefore failed to exhaust its administrative remedies. The district court agreed; consequently, the district court granted SLC's motion to dismiss the claims against SLC.

¶7    Steffensen-WC appealed the district court's resolution of both motions to dismiss. In an order of partial summary affirmance, this court agreed that Steffensen-WC had not exhausted the available administrative remedies for its claims against SLC and affirmed the dismissal of those claims. We now address the dismissal of Steffensen-WC's claims against VOA.

<h3 style="text-align:center">I. The Court of Appeals Has Jurisdiction Because the Requirement to Exhaust Administrative Remedies Does Not Apply to Claims Against VOA.</h3>

¶8      We begin by addressing VOA's contention that the Utah Court of Appeals lacks jurisdiction to consider this appeal. VOA argues that we lack jurisdiction because Steffensen-WC failed to exhaust its administrative remedies pursuant to Utah Code section 10-9a-801. "'[B]ecause it is a threshold issue, we address jurisdictional questions before resolving other claims.'" *Fisher v. Fisher*, 2003 UT App 91, ¶ 15, 67 P.3d 1055 (quoting *Housing Auth. v. Snyder*, 2002 UT 28, ¶ 11, 44 P.3d 724).

¶9      "No person may challenge in district court a municipality's land use decision made under this chapter . . . until that person has exhausted the person's administrative remedies . . . ." Utah Code Ann. § 10-9a-801(1) (LexisNexis 2012). "Where the legislature has imposed a specific exhaustion requirement . . . we will enforce it strictly." *Patterson v. American Fork City*, 2003 UT 7, ¶ 17, 67 P.3d 466.

¶10      By referring explicitly to municipalities, the plain language of section 10-9a-801(1) limits the requirement to exhaust administrative remedies to land use challenges against municipalities. Steffensen-WC alleged claims against both SLC and VOA, of which only the VOA claims are now before us. VOA is not-for-profit entity, not a municipality. Because the statute's effect is limited to land-use challenges against municipalities, it does not apply to the claims against VOA.

¶11      We conclude that the district court had jurisdiction over Steffensen-WC's claims against VOA because there was no applicable statutory exhaustion requirement. Consequently, we have jurisdiction to consider appeals taken from the district court's resolution of the VOA claims.

II. The District Court Did Not Err or Abuse Its Discretion by Overruling Steffensen-WC's Objection and Denying Steffensen-WC's Motion Because VOA's Reply Memorandum Constituted Appropriate Rebuttal to Matters Raised by Steffensen-WC's Opposition.

¶12     Steffensen-WC contends that the district court improperly overruled its objection to VOA's request to submit the motion to dismiss for decision and improperly denied Steffensen-WC's motion seeking enlargement of time to file a motion to strike VOA's reply memorandum. A district court judge enjoys "'broad discretion in determining how a [case] shall proceed in his or her courtroom.'" *Pratt v. Nelson*, 2005 UT App 541, ¶ 12, 127 P.3d 1256 (alteration in original) (quoting *University of Utah v. Industrial Comm'n*, 736 P.2d 630, 633 (Utah 1987)). We therefore review Steffensen-WC's claim of error for an abuse of discretion. *See Stoddard v. Smith*, 2001 UT 47, ¶ 22, 27 P.3d 546 (applying an abuse-of-discretion standard to a district court's denial of a motion for additional time to file a motion for substitution); *Dahl v. Harrison*, 2011 UT App 389, ¶ 11, 265 P.3d 139 (applying an abuse-of-discretion standard to the district court's denial of a motion seeking additional time for discovery).

¶13     VOA filed a motion to dismiss the complaint on the basis that the complaint failed to state a private-nuisance claim. *See* Utah R. Civ. P. 12(b)(6). Steffensen-WC opposed the motion, arguing that the complaint alleged a claim for anticipatory nuisance rather than private nuisance. VOA argued in its reply memorandum that Utah does not recognize anticipatory nuisance as a cause of action. VOA further argued that, even if Utah does recognize anticipatory-nuisance claims, Steffensen-WC's complaint failed to plead the necessary elements.

¶14     VOA then filed a request to submit the motion to dismiss for decision, noting that the parties had fully briefed the issue. Steffensen-WC     objected,     arguing     that     VOA's     reply

memorandum had raised new substantive arguments in violation of rule 7 of the Utah Rules of Civil Procedure, and moved for enlargement of time to file a motion to strike the reply memorandum. *See* Utah R. Civ. P. 7(e)(1) (requiring that reply memoranda "be limited to rebuttal of new matters raised in the memorandum opposing the motion"). The district court found that the arguments in VOA's reply memorandum constituted rebuttal within the scope of rule 7, overruled Steffensen-WC's objection, and denied the motion for enlargement of time.

¶15    On appeal, Steffensen-WC argues that the district court's finding "was incorrect as a matter of law." According to Steffensen-WC, a proper rebuttal could have addressed only the absence of an anticipatory-nuisance claim or the propriety of the requested remedy.

¶16    Narrowly defining "rebuttal" as direct contradictions of an opponent's arguments is inconsistent with the plain language of rule 7. Rule 7 limits reply memoranda to "rebuttal of new *matters* raised in the memorandum opposing the motion," Utah R. Civ. P. 7(e)(1) (emphasis added), and does not limit the scope of reply memoranda to strict rebuttal of *arguments* previously raised by the opposing party. *Compare Matter*, Black's Law Dictionary (10th ed. 2014) (defining a "matter" as "[a] subject under consideration"), *with Argument*, *id.* (defining an "argument" as "[a] statement that attempts to persuade by setting forth reasons why something is true or untrue, right or wrong, better or worse, etc.").

¶17    As the district court noted, Steffensen-WC was the first party to assert that the complaint stated a claim for anticipatory nuisance. Thus, the "matter" of anticipatory nuisance was in fact raised by Steffensen-WC. VOA's reply memorandum addressed that matter by arguing that Utah does not recognize anticipatory nuisance as a cause of action and by arguing that Steffensen-WC had not alleged the requisite elements of such a cause of action.

Because these arguments rebutted a new matter—anticipatory nuisance—raised by Steffensen-WC in its opposition to the motion to dismiss, they are appropriate rebuttal under rule 7.

¶18　The plain language of rule 7 supports the district court's determination that the arguments raised in VOA's reply memorandum were proper rebuttal arguments. Accordingly, the district court did not abuse its discretion or commit error when it overruled Steffensen-WC's objection to the request to submit and denied Steffensen-WC's motion for enlargement of time to file a motion to strike the reply.[3]

### III. Steffensen-WC's Complaint Did Not Provide Fair Notice of an Anticipatory-Nuisance Claim.

¶19　Steffensen-WC next contends that the district court erred by granting VOA's rule 12(b)(6) motion to dismiss for failure to state a claim. *See* Utah R. Civ. P. 12(b)(6). We review the grant of a motion to dismiss for correctness, giving no deference to the district court's decision. *See Hudgens v. Prosper, Inc.*, 2010 UT 68, ¶ 14, 243 P.3d 1275.

¶20　A district court should grant a motion to dismiss when, "assuming the truth of the allegations in the complaint and drawing all reasonable inferences therefrom in the light most favorable to the plaintiff, it is clear that the plaintiff is not entitled to relief." *Id.* (citation and internal quotation marks omitted).

¶21　Here, the district court granted VOA's motion to dismiss after determining that the nuisance Steffensen-WC alleged

---

3. Steffensen-WC's claim in this regard is largely academic given our agreement with the district court that Steffensen-WC's complaint did not contain a claim for anticipatory nuisance. *See infra* ¶¶ 26, 30.

would be caused by VOA's shelter was speculative in that the building had not even been built and no nuisance had yet occurred. The district court also concluded that Steffensen-WC's complaint did not allege an anticipatory-nuisance claim.

¶22   On appeal, Steffensen-WC asserts that the "following paragraphs from the [complaint] contain a short and plain statement of the claim for anticipatory nuisance." Steffensen-WC then recounts twenty-three paragraphs of the complaint, including the following:

- "Plaintiff in particular has supplied the Defendants with detailed memoranda, studies and expert opinions which clearly establish that the Proposed VOA Homeless Shelter will have serious detrimental effects which can not be mitigated and will create a serious and substantial *private nuisance*."

- "Consequently, the Defendants all know and are aware that the Proposed VOA Homeless Shelter will create a serious and substantial *private nuisance*[.]"

- "[T]he Defendants are all aware and know that if they participate in . . . the approval, construction and/or operation of the Proposed VOA Homeless Shelter, the Steffensen Property will be seriously and negatively affected by the *private nuisance* created thereby."

- "If [Salt Lake City] and the Planning Commission are not enjoined, but instead approve and grant the VOA and the Proposed VOA Homeless Shelter the conditional use and building permits for which they have applied,

said actions will have created and enabled the *private nuisance* complained of herein[.]"

- "[VOA] should be enjoined from proceeding with the Proposed VOA Homeless Shelter because it will result in a substantial *private nuisance* vis a vis the Plaintiff and the Steffensen Property[.]"

(Emphases added.) After the twenty-three-paragraph excerpt, Steffensen-WC notes that on review of a rule 12(b)(6) motion to dismiss, "'the issue before the court is whether the petitioner has alleged enough in the complaint to state a cause of action.'" (Quoting *America West Bank Members, LC v. State*, 2014 UT 49, ¶ 15, 342 P.3d 224). Steffensen-WC then asserts, in conclusory fashion, "Based upon this standard, the [complaint] stated a claim for relief for anticipatory nuisance."

¶23    Steffensen-WC thus asks us to determine whether the district court should have interpreted the allegations in the complaint as a claim for anticipatory nuisance. We do not share the district court's belief that private nuisance and anticipatory nuisance are mutually exclusive concepts. Conceptually, it seems that a private nuisance or a public nuisance could be an accomplished fact or an anticipated eventuality. But Steffensen-WC neglects to state what it believes the requisite elements of an anticipatory-nuisance claim are and how the allegations in the complaint satisfied each element. Instead, Steffensen-WC refers us only to the statutory definition of "nuisance." *See* Utah Code Ann. § 78B-6-1101(1) (LexisNexis 2012) ("A nuisance is anything which is injurious to health, indecent, offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property. A nuisance may be the subject of an action."). A general definition of nuisance is

of little use in determining whether the complaint alleges a private nuisance or an anticipatory nuisance.[4] Steffensen-WC has therefore failed to carry its burden of showing error in the district court's determination that the complaint did not allege anticipatory nuisance.

¶24    This conclusion is bolstered by the many indications that Steffensen-WC focused its complaint on the elements of a private-nuisance claim without making any effort to satisfy the pleading requirements for an anticipatory-nuisance claim. A critical portion of the complaint closely mirrors the language used in our case law to describe a private nuisance. This court has previously described the elements of a private-nuisance claim as follows:

> Plaintiffs allege a private nuisance claim based on an interference with the comfortable enjoyment of their property. Accordingly, Plaintiffs must establish the following elements to recover on their claim: (1) a substantial invasion in the private use and enjoyment of land; (2) caused by Defendants or for which Defendants are responsible; and (3) the invasion is either (a) intentional and unreasonable, or (b) unintentional and otherwise actionable.

*Whaley v. Park City Mun. Corp.*, 2008 UT App 234, ¶ 21, 190 P.3d 1 (citations and internal quotation marks omitted).

¶25    In the present case, Steffensen-WC's complaint specifically describes the elements of its claim:

---

4. We note that a leading legal dictionary lists private nuisance as one of twenty forms of nuisance. *See Nuisance*, Black's Law Dictionary (10th ed. 2014).

> The Proposed VOA Homeless Shelter will interfere with the Plaintiff's use and comfortable enjoyment of the Steffensen Property and thereby will constitute a serious and substantial private nuisance because:
>
> > a. It will create and constitute a substantial invasion of the Steffensens' private use and enjoyment of the Steffensen Property;
> >
> > b. Which will be caused by the Defendants and/or for which the Defendants are responsible; and
> >
> > c. The invasion of the Steffensens' private use and enjoyment of the Steffensen Property is intentional and unreasonable, or unintentional and otherwise actionable.

¶26 We cannot agree with Steffensen-WC's apparent assertion on appeal that language so closely mirroring the description of a private-nuisance claim was intended to present a claim for anticipatory nuisance merely because it used the future tense. We conclude Steffensen-WC has failed to show error in the district court's determination that the complaint did not allege anticipatory nuisance.

¶27 Steffensen-WC's brief on appeal also appears to suggest that, even if the complaint did not allege a cause of action for anticipatory nuisance, the district court erred by failing to realize that the factual allegations contained in the complaint could also support that cause of action. However, it is the responsibility of a plaintiff to state his or her legal claim with sufficient specificity as to give the defendant *fair notice* of the claim; a plaintiff may not simply recite facts and then rely on the judge to construct a legal avenue to relief. *See Peak Alarm Co., Inc. v. Salt Lake City Corp.*, 2010 UT 22, ¶ 69, 243 P.3d 1221 (explaining that even under Utah's "liberal standard of notice pleading," a "plaintiff must provide the defendant fair notice of the nature and basis or

grounds of the claim and a general indication of the type of litigation involved" (citation and internal quotation marks omitted)); *McCollin v. J.D.F. Props., LLC*, 2014 UT App 75, ¶ 12, 324 P.3d 662 (affirming a pretrial summary judgment because the appellant failed to articulate a cause of action despite being a month from the scheduled trial, and noting parenthetically that "despite the liberality of Utah's notice-pleading requirements, pleadings must give fair notice of the nature and basis of the claim asserted" (emphasis, citation, and internal quotation marks omitted)).

¶28 As noted above, Steffensen-WC's brief on appeal quotes twenty-three paragraphs from its complaint and asserts that this excerpt fairly "stated a claim for relief for anticipatory nuisance." However, the excerpt contains the term "private nuisance" no less than ten times and does not contain the term "anticipatory nuisance" at all. And Steffensen-WC's complaint describes the elements of a private-nuisance claim and explains how the facts alleged satisfy those elements. For these reasons, we cannot read the factual allegations of Steffensen-WC's complaint as giving VOA or the court fair notice of an anticipatory-nuisance claim. *See Peak Alarm*, 2010 UT 22, ¶ 73. *Cf. State v. Kennedy*, 2015 UT App 152, ¶ 21, 354 P.3d 775 (explaining, in the context of preservation, that "[t]he appellant must present the legal basis for her claim to the trial court, not merely the underlying facts or a tangentially related claim"); *Wohnoutka v. Kelley*, 2014 UT App 154, ¶ 8, 330 P.3d 762 (holding that a quasi-estoppel claim was not preserved where the appellant "[took] the evidence introduced in support of his preserved but unsuccessful contract claim and [rewove] the constituent evidentiary threads into a new legal theory" of quasi-estoppel on appeal).

¶29 The complaint's occasional use of the future tense is insufficient, without more, to properly allege a claim of anticipatory nuisance. Jurisdictions that recognize anticipatory nuisance as a cause of action define it as "an act, occupation, or

structure which is not a nuisance per se, but which may become a nuisance by reason of circumstances, location or surroundings." *Roach v. Combined Util. Comm'n of City of Easley*, 351 S.E.2d 168, 169 (S.C. Ct. App. 1986). Parties alleging anticipatory nuisance must meet a high burden to show that "a nuisance will *inevitably* or *necessarily* result from the act or thing which it is sought to enjoin." *Strong v. Winn-Dixie Stores, Inc.*, 125 S.E.2d 628, 633 (S.C. 1962) (emphases added). Courts have considered the burden for anticipatory-nuisance claims to be closely related to the "clear and convincing evidence standard," as courts will deny relief "until a nuisance has been committed where the thing sought to be enjoined may or may not become such, depending on its use or other circumstances." *Livingston v. Davis*, 50 N.W.2d 592, 599 (Iowa 1951); *see also, e.g.*, *Simpson v. Kollasch*, 749 N.W.2d 671, 677 (Iowa 2008) (denying injunctive relief for an alleged anticipatory nuisance when the petitioners could not show to a certainty that a nuisance would result from plans to develop a hog confinement facility); *Roach*, 351 S.E.2d at 169–70 (denying injunctive relief for an alleged anticipatory nuisance when the petitioners could not show an inevitable nuisance from plans to construct a wastewater treatment plant). "Equity will not interfere where the apprehended nuisance is doubtful, contingent, conjectural, or merely problematic." 58 Am. Jur. 2d *Nuisances* § 297 (2016).

¶30   Even if Utah recognizes anticipatory nuisance as a cause of action, Steffensen-WC has not persuaded us that its complaint satisfied the elements of such a cause of action and provided fair notice of an anticipatory-nuisance claim.[5] Nor did the complaint allege all of the elements generally required of an anticipatory-

_____

5. Given our resolution of the issues on appeal, we need not and do not express any opinion on whether Utah has recognized anticipatory nuisance as a cause of action.

nuisance claim in jurisdictions that recognize such a cause of action.

¶31    Affirmed.

———————